THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* BENJAMIN GORDON, Defendant.

Supreme Court, Bronx County, August 11, 1931.

*Charles B. McLaughlin, District Attorney [I. J. P. Alderman* and *Sol A. Boneparth,* of counsel], for the plaintiff.

*Baker & Obermeier [Leonard J. Obermeier* and *Oscar S. Rosner* of counsel], for the defendant.

COHN, J. This is a motion for a new trial on the ground of newly-discovered evidence, made pursuant to the provisions of the Code of Criminal Procedure (§ 465, subd. 7). While, strictly speaking, it did not appear by the affidavits submitted that upon

another trial the defendant could procure evidence such as, if before received, would probably have changed the result, the court, in the interests of justice, at open hearings, compelled, not only the personal appearance of the affiants before it for their personal examination and cross-examination under oath as to the contents of their affidavits, but it also directed the production of witnesses mentioned in the affidavits, whose testimony might aid the court in determining the merits of this application. (*People* v. *Arata*, 254 N. Y. 565.)

At the hearings so conducted, Benjamin Nacht, a People's witness at the trial, admitted having made statements to the defendant's attorneys which contradicted in important phases his testimony as to his identification of the defendant given at the trial. These statements he swears he made to them, with knowledge that they were false, because of anonymous and other threats which he had received directing him to make them. He insists under oath that his testimony as given at the trial respecting the identification of the defendant and as to what he saw at the time of the commission of this crime is in all respects true. The only material change in the witness' story as revealed at the hearings was that he had first identified a photograph of the defendant at the Simpson street police station, not in March or April, 1930, as he had sworn at the trial, but in November, 1930.

Ample opportunity was afforded counsel for the defendant to examine and cross-examine two other persons who were mentioned in the moving affidavits, but no other newly-discovered evidence was adduced. While evidence of recantation of a witness' testimony is newly-discovered evidence, it must be of such weight and character as would justify a trial judge in setting the judgment aside. (*People* v. *Shilitano*, 218 N. Y. 161.) Proof of the contradictory statements as to identification of the defendant made by the witness Nacht to the defendant's attorneys, if given at a new trial, might well be used to impeach or discredit this witness' testimony, but a new trial may not be granted where the freshly-proffered proof is simply to impeach or discredit a witness on the first trial. (*People* v. *Becker*, 215 N. Y. 126; *People* v. *Eng Hing and Lee Dock*, 212 id. 373; *People* v. *Patrick*, 182 id. 131, 177.)

The defendant in his affidavits and by the proof offered at the hearing on this motion, has failed to establish any presumption that any additional evidence now available to the defendant, if produced at another trial would change the verdict. Unless this is shown, this motion must be denied. (*People* v. *Gambacorta*, 197 N. Y. 181, 189.)

At the trial itself four witnesses other than Benjamin Nacht made

identification of the defendant as being a participant in the robbery which resulted in the murder of which the defendant stands convicted. That painstaking review of the entire testimony which the importance of the case demands, convinces me that the new evidence brought forward would not produce a different result at another trial. The motion is, therefore, denied.