The People of the State of New York, Respondent, *v.* Maurice Winkler, Appellant.

First Department, February 20, 1964.

*Leo Wiener* of counsel (*Morris Cooperstein,* attorney), for appellant.

*Walter E. Dillon* of counsel (*Isidore Dollinger, District Attorney*), for respondent.

BOTEIN, P. J.  Defendant appeals from a judgment of the Court of Special Sessions convicting him, after trial, of the crime of assault in the third degree.  Brought up for review also is an order denying his motion for a new trial on the ground of newly discovered evidence.

According to the complaining witness, who is a patrolman, the assault occurred while defendant was seated in an illegally parked automobile.  After handing defendant a summons, the officer requested and was given his driver's license.  When the officer returned the license by passing it through an open window of the vehicle, defendant turned up the window so that the officer's hand was pinned, and then drove off.  Before the officer was able to extricate his hand he was forced to run with the moving car for 15 or 20 feet, and ultimately he lost his balance and fell to the ground.  The officer's story was contradicted by defendant.  No other witness of the incident was produced by either party.  The record of the trial sufficiently sustains the finding of guilt, and affirmance would be indicated as a final disposition of this case were it not for our doubt that defendant's rights on his motion for a new trial were adequately protected.

Defendant and his attorney each made an affidavit in support of the motion.  Defendant's affidavit stated that after his conviction he had discovered two persons, a Mrs. Buckley and her daughter, who "told me that on December 14, 1961 (the day of the incident) they were waiting for a cab, and noticed the police officer giving me a 'ticket'.  They saw me drive away, and said that at no time did the office [*sic*] fall to the ground nor was he dragged by my car."  The attorney's affidavit set forth that the daughter had telephoned him substan-

tially the same information, that he had sent her for signature a form of affidavit incorporating the information (a copy of which form was attached to his affidavit), but "after receiving it, she changed her mind about signing it and becoming involved, as did her mother." The attorney's affidavit requested the court "to grant this motion and direct that the witnesses be subpoenaed for the purpose of offering their testimony." The notice of motion stated that it was made upon the affidavits and prior proceedings and "upon the testimony of witnesses to be adduced, if required by the Court". In answer to the motion, the People submitted an affidavit by an Assistant District Attorney which concluded: "The People do not oppose defendant's motion and leave same to the discretion of the Court."

The last-mentioned affidavit was properly disregarded, for there is no showing it was submitted upon the District Attorney's independent investigation of the grounds on which the motion was made. The affidavits of defendant and his attorney were hearsay and doubtless did not in themselves warrant the granting of a new trial. In our opinion, however, and particularly in the light of the prosecutor's failure to oppose, they required, in the interest of justice, that Mrs. Buckley and her daughter be examined before determination of the motion.

The New York City Criminal Court Act (§ 33, subd. [4]) contemplates, as did the antecedent New York City Criminal Courts Act (§ 31, subd. 8), that the showing requisite to the grant of a new trial shall be made by affidavit, and it provides that "the judge can compel the personal appearance of the affiants before him for examination and cross-examination under oath upon the contents of the affidavits subscribed to by them." Under the corresponding provision of the Code of Criminal Procedure (§ 465, subd. 7), it was said in an early case, "the court has not the power to compel the appearance of persons for examination who have not sworn to affidavits presented on the motion for a new trial" (*People* v. *Moore*, 29 Misc. 574, 579, 580 *). But this view has not been followed, the existence of the power is recognized (*People* v. *Arata*, 254 N. Y. 565; *People* v. *Gordon*, 142 Misc. 25, COHN, J.; see *People* v. *Cieplinski*, 103 N. Y. S. 2d 391; cf. *People* v. *Leonti*, 262 N. Y. 256; *People* v. *Durling*, 303 N. Y. 382), and the present case seems an appropriate one for its exercise.

---

* While Moore's conviction was affirmed (53 App. Div. 637; 168 N. Y. 593), the appeal papers indicate that the denial of his motion for a new trial, as reported in 29 Misc. 574, was not reviewed.

In accordance with the practice suggested in *People* v. *Arata, supra* (and see *People* v. *Winship,* 309 N. Y. 311, 315; *People* v. *Coffey,* 11 N Y 2d 142, 147), the determination of this appeal should be withheld for a reasonable period, to the end that an opportunity may be given to defendant promptly to renew his motion for a new trial and an opportunity given to the trial court to require the production of witnesses before it.

VALENTE, EAGER, STEUER and WITMER, JJ., concur.

Determination of this appeal withheld for a reasonable period, to the end that an opportunity may be given to defendant promptly to renew his motion for a new trial and an opportunity given to the trial court to require the production of witnesses before it.