AUGUST HELMBRECHT *vs.* HENRY HELMBRECHT.

February 13, 1884.

**Verdict—New Trial—Misconduct of Justice of Peace.**—A justice of the peace, before whom a cause was tried, after the jury had retired for deliberation, temporarily entered the jury-room, being adjacent to his office, without the consent of the parties. *Held,* (though such practice by a magistrate is not approved,) that it not appearing that any communication was made by him, or any injury in fact suffered by the unsuccessful party, and the prevailing party being himself without fault, the verdict should not be set aside for this cause alone.

Appeal by defendant from a judgment of the district court for Dodge county, *Buckham,* J., presiding, affirming the judgment of a justice of the peace from which the defendant had appealed on questions of law alone.

*Geo. B. Edgerton,* for appellant.

*I. V. D. Heard* and *N. P. Bromley,* for respondent.

VANDERBURGH, J. It is insisted upon the authority of *Hoberg* v. *State,* 3 Minn. 181, (262,) that the act of the justice in visiting the jury-room while the jury were deliberating on their verdict, was misconduct or irregularity, in the nature of error in fact, which was fatal to the verdict. 3 Wait's Law & Pr. (5th Ed.) 984. This fact, which is shown by affidavit and is certified by the justice in his return to be true, is not disputed. The door was closed after him, and "he remained in the room about one minute, without the consent of the defendant." There is no suggestion of any prejudice, or that any communication in reference to the case passed between him and any of the jury, and the circumstances, on the contrary, favor rather the assumption of the honorable district judge that nothing of the kind happened or was intended by the justice by his brief intrusion into the jury-room.

It will hardly be presumed, in the absence of any showing, that he went there to influence them in plaintiff's behalf, or to give them instructions about the case contrary to law; but as the room was connected with his office, he may have gone in momentarily for some

personal or business purpose of his own, disconnected with the trial. Such conduct on the part of the court or its officers is not to be encouraged or approved. The later decisions in this state have, however, modified the stringent rule laid down in *Hoberg* v. *State*. *Oswald* v. *Minn. & N. W. Ry. Co.*, 29 Minn. 5. Whether alleged misconduct of this nature is sufficient to require a verdict to be set aside, must depend upon the facts of the particular case, and whether there appears to be reasonable ground to believe that a party is prejudiced thereby. In this case the intrusion was but temporary and apparently casual, and there is no reason to believe that any prejudice was caused to the defendant's rights. The prevailing party ought not, therefore, to be punished by setting aside a verdict for the inadvertent act or irregular conduct of an officer or other person, with which he is in nowise connected, unless there is good cause for believing that the opposite party is injured. *People* v. *Draper*, 28 Hun, 1, 6; *People* v. *Hartung*, 4 Parker, Crim. R. 256; 3 Wait's Law & Pr. 738.

Judgment affirmed.