THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MYRON DURLING, Appellant.

Argued October 17, 1951; decided January 10, 1952.

*Albert Averbach* for appellant. Defendant did not have a fair and impartial trial before a fair and impartial Judge and jury. The record in this case abounds with departures and violations of the constitutional safeguards surrounding a defendant accused of a crime. (*People* v. *Herman,* 255 App. Div. 314; *People* v. *Buccola,* 239 App. Div. 356; *People* v. *Cosmo,* 205 N. Y. 91; *People* v. *Spiegel,* 149 Misc. 439; *People* v. *Levan,* 295 N. Y. 26; *People* v. *Moran,* 246 N. Y. 100; *People* v. *Mleczko,* 298 N. Y. 153; *People* v. *Samuels,* 302 N. Y. 163.)

*Bradford F. Miller, District Attorney,* for respondent. I. Defendant had a fair and impartial trial. II. The essence of the misconduct claimed by defendant is that several persons overheard " the discussion of two jurors of their convinced opinion prior to the time you [trial court] submitted it to them ". This did not constitute a miscarriage of justice. (*People* v. *Spiegel,* 149 Misc. 439; *People* v. *Sprague,* 217 N. Y. 373; *People* v. *Menken,* 36 Hun 90; *People* v. *Johnson,* 110 N. Y. 134.)

FROESSEL, J. Defendant was charged with murder in the second degree and found guilty of manslaughter in the first degree. We have examined the numerous errors assigned by defendant's counsel, and find they are either without merit or without prejudice, save in one respect. After rendition of the verdict, and on the sentence date, but prior to its imposition, defendant moved, under section 465 of the Code of Criminal Procedure, for a new trial on the ground, among others, that defendant's rights had been prejudiced by reason of the misconduct of jurors, and in that connection asked for the designation of a day certain for a trial of the issues raised thereby.

His attorney stated that he had " definite, concrete evidence " that he desired to present by way of sworn testimony, and not by way of affidavits, that certain members of the jury (a) discussed the case before it was submitted to them on several occasions in the presence of the general public, (b) expressed their views as to the guilt or innocence of defendant and as to certain witnesses in public places, and (c) prior to the rendition of the verdict and from the jury room carried on conversations and received communications from prosecution witnesses through the open windows of the jury room in the presence of witnesses, whom counsel desired to swear.

He further stated that he had a letter giving him the data and names with regard to the incident of the jurors discussing their actions with members of the public from the open window while they were deliberating. The trial court at first stated it would not receive " any statements made by the jurors as to any alleged misconduct ". When defendant's counsel stated that he would not submit jurors' affidavits to impeach their verdict, but rather testimony of witnesses who were present and talked with the jurors during the progress of the trial, the court denied his motions because it " believes that this defendant had a fair and impartial trial, and that it was submitted to the jury properly and the jury brought in a proper verdict " — to which defendant's attorney duly excepted.

Assuming defendant's attorney had such evidence and it were found to be true, section 465 of the Code of Criminal Procedure empowered the trial court to grant a new trial. It is true that all the court had before it was the statement of counsel, but, in view of his rather definite charges, which were of a very serious nature, the full investigation of which he stated he had not completed, and the absence of any answer to them, it seems to us that the trial court's flat refusal to hear such evidence, or at least to give counsel a short adjournment or an opportunity to supply affidavits, amounted to an abuse of discretion (*People* v. *Leonti,* 262 N. Y. 256; *People* v. *Gallo,* 149 N. Y. 106; *McHugh* v. *Jones,* 283 N. Y. 534; *Farrer* v. *State,* 2 Ohio St. 54). In the last-cited case, as charged here, after the jury received the court's instructions, some of its members held communications with their friends and acquaintances in the street through the open windows of their consulting room, and the court said

(p. 59): "no verdict of a jury has or can have its usual and proper force and obligation with the court, if it appear that the jury has exposed its privileges to abuse, or listened from its sanctuary to unsworn and irresponsible counsels." (See, also, *Eastwood* v. *People*, 3 Parker Cr. Rep. 25, affd. 14 N. Y. 562; *Madden* v. *State*, 1 Kan. 340; *Sunderland* v. *United States*, 19 F. 2d 202, 212; *State* v. *Muncey*, 102 W. Va. 462, 468; Busch, Law and Tactics in Jury Trials [1949], §§ 587, 588.) This is not the case of a refusal to receive evidence of statements of jurors for the purpose of impeaching their verdict (cf. *People* v. *Sprague*, 217 N. Y. 373; *People* v. *Sweetland*, 298 N. Y. 899).

Following the practice in *People* v. *Shilitano* (215 N. Y. 715); *People* v. *Arata* (254 N. Y. 565); see, also, *People* v. *Leonti* (*supra*), determination of the appeal should be withheld in order that defendant may promptly renew in the Seneca County Court his motion for a new trial, upon affidavits and notice to the District Attorney, but upon the ground solely of alleged misconduct of jurors, and so that the Seneca County Court may hold a hearing on that phase of the motion and render a decision thereon.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.