Susan **TRUSCOTT**, a minor, by her Guardian, Cynthia Margaret Truscott and Cynthia Margaret Truscott, in her own right, Appellants,

v.

Jewel Pierce **CHAPLIN**.

No. 17237.

United States Court of Appeals Third Circuit.

Argued Oct. 24, 1968.

Decided Nov. 18, 1968.

Arnold M. Kessler, Bernstein, Bernstein, Harrison & Kessler, Philadelphia, Pa., for appellants.

John J. Walsh, Jr., LaBrum & Doak, Philadelphia, Pa., for appellee.

Before HASTIE, Chief Judge, and SEITZ and ALDISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

The jury in this civil action retired to consider its verdict immediately following lunch. After they had been deliberating one and one half hours, the trial judge sent a message through the mar-

shal asking if they were close to a decision. This inquiry was made without prior consultation with and in the absence of counsel. Shortly thereafter, the jury reached a verdict; but before it returned to the courtroom to announce it, counsel were advised of the court's previous inquiry to the jury. Neither counsel raised any objection prior to the reception of the verdict.

We are to determine whether the circumstances of this communication from the trial court to the jury amounted to reversible error.

■ We perceive no meaningful purpose to have been served by this particular inquiry. It was made in the middle of the afternoon when the jury had not been occupied in deliberations so lengthy that arrangements were necessary for feeding or lodging them. In this context, a bare inquiry soliciting information whether they were near a verdict could be an intrusion on their deliberative process. It could suggest, for example, that they should accelerate the making of their decision. Under certain circumstances this could raise problems of serious dimensions. Accordingly, the practice of making such inquiries in the absence of counsel is not approved.

■ We recognize that there may be times when administrative communications between judge and jury may properly transpire in the absence of counsel, so long as these communications do not contain supplemental instructions relating to the case and are clearly incapable of prejudicing the rights of the parties. In this general category would be communications relating to the jurors' welfare, comforts and physical needs. Such communications must not directly or indirectly refer to the specifics of the case, must be collateral to the issues under consideration, and must not be capable of affecting the deliberative process in any manner.[1]

■ We do not find it necessary, however, to examine in depth the circumstances of the case below for the reason that counsel, knowing that the inquiry had been made, failed to object or to make any motions prior to the reception of the verdict.[2]

■ We see no merit to the additional assignment of error regarding the presence of the alternate juror at the noon meal of the jury, subsequent to the delivery of the judge's charge but before the commencement of their deliberations.[3] Our Rule 47(b) requires that the alternate jurors "shall be discharged after the jury retires to consider its verdict". This was the procedure followed in this case.

The judgment of the District Court will be affirmed.

1. See concurring opinion in Snyder v. Lehigh Valley R.R. Co., 245 F.2d 112 (3 Cir. 1957).

2. In Cleary v. Indiana Beach, Inc., 275 F. 2d 543 (7 Cir. 1960), the trial judge interrupted the deliberation of a jury at an early hour of the morning and directed them to return in the afternoon to resume deliberations. Counsel for the plaintiff was not present at the time the jury was dispersed, but he learned of it later, and made no objection prior to the reception of the verdict. On appeal, the court observed:

> "No objection was then made to the dispersal or to the resumption of deliberation. Instead, counsel took his chances, went on about his business and raised his voice in protest against the procedure for the first time after the verdict was in and the issues had been determined adversely to his client. Under those circumstances plaintiff is not in a position to complain."

> See also Smith v. Ellerman Lines, Ltd., 247 F.2d 761 (3 Cir. 1957).

3. The trial judge directed the jury not to discuss the case during lunch and specifically ordered the alternate juror not to participate in any deliberations.