**Bonnie Elizabeth Scott GLEESON**

v.

**Margaret Gray WOOD and Alfred C. Wood, Jr.**

**Civ. A. No. 38074.**

United States District Court, E. D. Pennsylvania.

June 5, 1970.

Plaintiff brought this action to recover damages for the injuries she sustained when she crashed into a sliding glass door in the defendants' home. The accident resulted in the severance of the femoral artery and the sciatic nerve in plaintiff's right leg. Both were successfully reunited through subsequent operations, although plaintiff never regained the use of her right foot and still has what is referred to as a "drop foot". Her promising ice-skating career, as well as her other athletic pursuits, were also cut short as a result of the injuries. The case was tried to a jury and ended in a verdict for plaintiff in the amount of $52,000.00.

*Motion for Judgment N.O.V.*

It is axiomatic that when viewing the record on a motion for judgment notwithstanding the verdict, the court is bound to accept the evidence and all reasonable inferences therefrom in the light most favorable to the party against whom the motion is made. Dudding v. Thorpe, 47 F.R.D. 565 (W.D.Pa.1969). Accordingly, we proceed to a consideration of defendants' argument in that light.

At the time of the accident, on July 18, 1964, plaintiff was employed as a baby-sitter in the home of Drs. Margaret and Alfred Wood. Plaintiff was then seventeen years of age. It was her responsibility to watch over the Woods' three children [1] from approximately 9:00 A.M. to 5:00 P.M. on weekdays. Part of plaintiff's job included amusing the children, keeping them occupied, and serving generally as their companion.

The Woods' home is laid out in such a way that one entering the home through the front door encounters a center hall. To the right of this center hallway is a living room and beyond the living room is an enclosed sun porch. One wishing to go from the living room to the sun porch must go through a doorway containing the sliding glass door in question. The left side of the door, as one

Charles L. Ford, Philadelphia, Pa., for plaintiff.

Alan R. Kutner, Philadelphia, Pa., for defendants.

## OPINION

BODY, District Judge.

Presently before the Court are defendants' motions for judgment notwithstanding the verdict and, in the alternative, for a new trial.

1. Diana, age 11; Dierdra, age 9; and Dorothy, age 7.

approaches the sun porch from the living room, is a fixed panel of glass while the right side is a sliding glass panel which slides in front of the fixed panel when open.

Plaintiff had been working as a baby-sitter in the Woods' home for about two weeks when the accident happened. On a number of occasions she had passed back and forth from the living room to the sun porch through the open right-hand section of the door. During that time she does not recall ever having seen the sliding glass door closed.

Just before the accident, plaintiff and defendants' daughter Diana were out on the sun porch. Defendants' daughter Dierdra and her cousin, Polly Gray, were outside playing in a water-filled boat in the backyard. Plaintiff went outside to see what the two children were doing and was ultimately splashed by one of them. This gave rise to a game of tag. At one point in the game, Dierdra attempted to tag the plaintiff. In an effort to elude her, plaintiff ran from the backyard into the kitchen, through the center hall and into the living room. As she approached the sliding glass door, plaintiff saw Diana standing in what appeared to plaintiff to be an open doorway. She ran toward the right-hand section of the doorway, intending to pass through it and onto the sun porch. When plaintiff was about a foot away she realized that a glass panel was in front of her, but was unable to stop. Her right knee hit the door and broke the glass. The force of the impact turned plaintiff around in such a way that she came to rest sitting on the jagged glass remaining in the door with her body facing into the living room.

 Defendants argue that as a matter of law they were not negligent. Specifically, they contend that reasonable men could not find that a hidden danger existed, or that defendants knew or should have known of the hidden danger if one were found to exist. They further assert that even if a danger existed, it was an obvious one for which defendants bore no responsibility to the plaintiff. Alternatively, defendants contend that, assuming arguendo they were negligent, plaintiff nevertheless must be found contributorily negligent as a matter of law.

The Court cannot agree with these arguments. On all of the above issues there was sufficiently conflicting evidence for the case to go to the jury and we must abide by its verdict. Kanner v. Best Markets, Inc., 188 Pa.Super. 366, 147 A.2d 172 (1958). Shannon v. Butler Homes, Inc., 102 Ariz. 312, 428 P.2d 990 (1967).

The defendants also assert that the only reasonable conclusion to be drawn from the evidence with respect to the issue of parental negligence liability for the conduct of the children is that defendants were not negligent. Again we conclude that the evidence warranted submission of that issue to the jury and its verdict must be upheld.

### Motion for New Trial

During the second day of deliberation, the jury sent the following question to the Court concerning the special interrogatories submitted to it:

"Under question No. 1 [Do you find that defendants, Margaret Gray Wood and Alfred C. Wood, Jr., were negligent?], can Drs. Margaret and Alfred Wood be held negligent for any action on the part of the children?"

At the suggestion of the Court, counsel had previously returned to their offices for the period of deliberation and had left their telephone numbers with the courtroom clerk.[2] They were therefore not in Court when the jury's question was received. In the absence of counsel and without consulting them, the Court submitted the following written answer to the jury:

"Under Interrogatory 1, Drs. Margaret and Alfred Wood may not be held

2. N.T. 487.

negligent for any negligent or careless conduct on the part of their children, unless you find that they knew or should have known, or anticipated, the specific negligent or careless conduct on the part of their children. Further, that they unreasonably failed to control such conduct; and such failure was the foreseeable cause of the specific harm in this case."

Later the same day, the jury sent another question to the Court. On this occasion the jury as well as counsel were summoned to the courtroom and the trial judge reread that portion of his initial charge which pertained to the second question. Because of the lateness of the hour, the jury was sent home with instructions to return the following morning to continue deliberating. After the jury had retired, the Court showed counsel the first question received from the jury and its written answer thereto. Counsel were then invited to object. Plaintiff's counsel made no objection; counsel for defendants, however, objected as follows:

"THE COURT: Mr. Kutner? And you object to the answer; is that right?

MR. KUTNER: Yes, because I don't believe that it was part of the plaintiff's case in chief. I think that the jury—

THE COURT: That's your objection?

MR. KUTNER: Yes."[3]

■ Defendants argue that the submission to the jury of the supplemental instruction in answer to its first question, in the absence of counsel and without notice to them, was reversible error. We are mindful that in Fillippon v. Albion Vein Slate Company, 250 U.S. 76, 39 S.Ct. 435, 63 L.Ed. 853 (1919) the Supreme Court stated:

"Where a jury has retired to consider of their verdict, and supplementary instructions are required, either because asked for by the jury or for other reasons, they ought to be given ei-

ther in the presence of counsel or after notice and an opportunity to be present; and written instructions ought not to be sent to the jury without notice to counsel and an opportunity to object. Under ordinary circumstances, and wherever practicable, the jury ought to be recalled to the court room, where counsel are entitled to anticipate, and bound to presume, in the absence of notice to the contrary, that all proceedings in the trial will be had. In this case the trial court erred in giving a supplementary instruction to the jury in the absence of the parties and without affording them an opportunity either to be present or to make timely objection to the instruction." 250 U.S. at 81, 39 S.Ct. at 436 (citations omitted).

However, it is clear that a party may either expressly or impliedly waive the rights referred to in *Fillippon*. Arrington v. Robertson, 114 F.2d 821, 823 (3d Cir. 1940); Truscott v. Chaplin, 403 F.2d 644 (3d Cir. 1968); Cleary v. Indiana Beach, Inc., 275 F.2d 543 (7th Cir. 1960); Smith v. Ellerman Lines, Ltd., 247 F.2d 761 (3d Cir. 1957). Here counsel were notified of the Court's action within a few hours after it was taken and at a point when a timely objection or request for further instructions could have been made. Defendants' failure to raise the issue at that time resulted in a waiver of the objection and precludes their assertion of it now. Truscott v. Chaplin, supra; Cleary v. Indiana Beach, Inc., supra.

■ The defendants advance two final points in support of their motion for a new trial. They contend that the evidence was insufficient to warrant instructions to the jury on the issues of defendants' liability in negligence for the conduct of their children and the impairment of plaintiff's earning capacity as an element of damages. Because of our belief that there was sufficient evidence for instructions on both issues, we

find the foregoing arguments unpersuasive.

For the above reasons, defendants' motions for judgment notwithstanding the verdict and, in the alternative, for a new trial will be denied.