■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. FRIEDGOOD, Appellant. — Appeal by defendant (by permission) from an order of the County Court, Nassau County, dated May 4, 1980, which denied, without a hearing, his motion pursuant to CPL article 440 to vacate a judgment of conviction and for a new trial. Order affirmed, for the reasons stated in the opinion of Judge Delin. Damiani, Margett and Weinstein, JJ., concur.

Gibbons, J., dissents and votes to reverse the order and remit the matter to the County Court for a hearing on the motion, with the following memorandum, in which Hopkins, J. P., concurs: Inasmuch as issues of fact have been presented on this motion which should have been determined upon evidence adduced at a hearing, the matter should be remitted to the County Court for such an evidentiary hearing by the Trial Judge and for a determination of the following issues: (1) The alleged jury misconduct (see *People v Durling,* 303 NY 382; CPL 330.30, subd 2; and CPL 330.40, subd 2, par [a]); (2) The alleged prosecutorial intimidation of a prospective defense witness (see *People v Session,* 34 NY2d 254; CPL 440.10, subd 1, pars [f], [h]; CPL 440.30); and (3) The alleged existence of newly discovered evidence relating to a claimed contradiction between the forensic rebuttal testimony given at the trial by a medical expert on behalf of the prosecution and his subsequently published opinion on the subject. The court should also determine the concomitant question as to whether, in fact, it cannot reasonably be said that such matter "is of such a nature and quality as would probably change the result of a new trial if granted" (see *People v Salemi,* 309 NY 208, 226; CPL 440.10, subd 1, par [g]).