*649 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Though, in the spirit of Alford v Sventek (53 NY2d 743, 745), the oral communication from the juror to the Trial Judge, and the communication between the juror and the clerk regarding the juror’s wife’s desire that the juror telephone her, should have been conveyed to counsel, we agree with the Appellate Division that, in light of the undisputed nature of these communications, no prejudice resulted. Moreover, on the record of this case, there was no showing of the “substantial risk of prejudice” necessary to warrant the granting of the motion to set aside the verdict (see People v Brown, 48 NY2d 388, 394).
Furthermore, the hearing Judge properly ruled that the thought processes of the jurors should not be invaded by questions concerning the possibility that their fellow juror’s prospective inability to keep his appointment had operated as an “exterior influence” affecting their votes. Indeed, since the circumstances to which the motion was directed were based on little more than speculation as to the possibility of prejudice, no testimonial inquiry of the jurors should have been undertaken at all (see People v Holmes, 72 AD2d 1, 6; Cangilos v Schermerhorn, 41 AD2d 780, 781).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed, with costs, in a memorandum.