**OPINION**

**Earl GUY and Frances Guy,**
**Plaintiffs–Appellees,**

v.

**Roger VIETH, M.D.,**
**Defendant–Appellant.**

Supreme Court of Tennessee,
at Knoxville.

June 27, 1988.

E. Blake Moore, Spears, Moore, Rebman & Williams, Chattanooga, for defendant-appellant.

James F. Schaeffer, Sr., Schaeffer & Schaeffer, Memphis, for plaintiffs-appellees.

COOPER, Justice.

This is a medical malpractice case in which the plaintiffs brought suit against five defendants for the wrongful death of their daughter. The issue presented concerns whether allegedly improper contact between the trial judge and the jury requires a reversal of the jury verdict in favor of Dr. Vieth.

There is nothing in the trial transcript to indicate any contact between the judge and the jury without the attorneys and the court reporter being present. Paragraph 6(d) of the plaintiffs' Motion for new Trial, however, does raise the issue, as follows:

> During the course of the deliberations on the part of the jury, the jurors informed the bailiff that they had a question. At this time the trial judge entered the jury room alone and closed the door and remained behind closed doors with the jury outside the presence of anyone else including plaintiffs' counsel, defendants' counsel and the court reporter, making it impossible for any record to be made of the proceedings which took place behind such closed doors between the trial judge and the jurors. This action by the trial judge was highly improper. Plaintiffs say that words spoken during those minutes could have been prejudicial to the plaintiffs and could have affected the jury verdict in this case and that because of those actions a new trial should be granted.

In support of this ground for new trial the plaintiffs filed the affidavits of their three attorneys. All were to the effect that at some undesignated time during the deliberations the jurors had informed the bailiff that they had a question. Without the parties' counsel or a court reporter accompanying him, the trial judge entered the jury room alone for approximately two minutes. The door of the jury room was closed during this time. When the judge came out, he stated that the jurors wanted to go to lunch; and the jurors then went to lunch. (Though the time of the occurrence is not set forth specifically in the affidavits,

it must have occurred on the second day of the jury's deliberations.)

There is no transcript of the hearing on the motion for new trial. The defendant, Dr. Vieth, filed no counter affidavits regarding the allegations set forth in the affidavits of plaintiffs' attorneys. The motion was overruled by an order stating simply that the trial court had reviewed the motion, the supporting affidavits and the affidavit of Dr. Vieth's attorney on another issue and had considered argument of counsel in reaching its decision.

On appeal the plaintiffs raised the issue of the trial judge's misconduct in entering the jury room alone and in remaining behind closed doors with the jury outside the presence of counsel or the court reporter. When it appeared that this issue seemed "significant" to the Court of Appeals at oral argument, Dr. Vieth moved under Rule 24 T.R.A.P. to supplement the record with the affidavit of the trial judge, Samuel H. Payne.

In his affidavit Judge Payne stated that he did not "recall any such entry in the jury room." If there had been one, he stated, it was only to excuse the jury for lunch or to take some other break. If the door had shut, the judge continued, it was only momentarily and by accident.

Judge Payne also stated that this allegation was not presented in argument on the motion for new trial, and was not otherwise called to his attention. Judge Payne also noted that nothing in the record reflected that the alleged "meeting" had been brought to his attention and objected to when it had occurred although [as is shown by the affidavits] any irregularity must have been known to all of plaintiffs' attorneys at the time. Judge Payne concluded his affidavit by saying that nothing improper had occurred and that counsel and the court reporters were present whenever he spoke with the jury with the "possible exception of a single time that they were apparently excused for a recess."

The Court of Appeals noted that it was improper for it to consider Judge Payne's affidavit since a statement by the trial judge should have been entered into the record at the hearing on the motion for new trial and not after argument of the case on appeal. Nevertheless, for the purpose of disposing of the issue, the court assumed that the facts stated in the trial court's affidavit had been properly made a part of the record below.

Dr. Vieth argues that the affidavits of plaintiffs' counsel are insufficient to raise the issue of judicial misconduct because they do not rest on personal knowledge of the affiants. There is no merit in this argument. The affidavit of attorney James F. Schaeffer specifically states that he saw the trial judge leaving the jury room after being inside for about one minute. At that time plaintiffs' counsel made no objection to the judge's contact with the jury, nor did he complain at any time prior to the reception of the verdict of the jury. As pointed out by counsel for the defendant, counsel for the plaintiffs seems to have been "waiting around to see how things came out and then trying to ambush the trial judge."

What was the effect of plaintiffs' failure to timely object to the judge's contact with the jury? Did it constitute a waiver of the right to complain? A case directly on point is *Truscott v. Chaplin*, 403 F.2d 644 (3d Cir.1968). There, after the jury had been deliberating an hour and a half, the trial judge sent them a message asking if they were close to a decision. This was done without prior consultation with and in the absence of counsel. Counsel, however, did learn of the inquiry before the jury returned to the courtroom to announce their verdict. Neither counsel raised any objection.

While condemning the actions of the trial court, the court found that no reversible error had occurred because counsel, "knowing that the inquiry had been made, failed to object or to make any motions prior to the reception of the verdict." Footnote 2 to the opinion cited authority supporting this conclusion:

In *Cleary v. Indiana Beach, Inc.* 275 F.2d 543 (7 Cir.1960), the trial judge interrupted the deliberation of a jury at an early hour of the morning and directed

them to return in the afternoon to resume deliberations. Counsel for the plaintiff was not present at the time the jury was dispersed, but he learned of it later, and made no objection prior to the reception of the verdict. On appeal, the court observed:

"No objection was then made to the dispersal or to the resumption of deliberation. Instead, counsel took his chances, went on about his business and raised his voice in protest against the procedure for the first time after the verdict was in and the issues had been determined adversely to his client. Under those circumstances plaintiff is not in a position to complain."

See also Smith v. Ellerman Lines, Ltd., 247 F.2d 761 (3 Cir.1957).

In another case involving similar facts, Thornton v. Stewart, 240 S.W. 502 (Mo. App.1922), the court stated:

"* * * The motion for a new trial alleges that the court was guilty of misconduct in going to the door of the jury room and there conversing with some of the jurors. The affidavit of defendant was filed in support of this charge. Of course, there is nothing to show what the conversation was. Conduct of this kind on the part of a trial court has been condemned. Chinn v. Davis, 21 Mo.App. 363. However it appears by defendant's affidavit that he was present and witnessed this incident. There is no evidence that he did not inform his counsel at once, so that the latter would have had a chance to object before the verdict of the jury was returned. A party cannot witness misconduct on the part of the court or jury and sit by and wait the result of the verdict, and then, if it proves to be against him, object to the alleged misconduct. By prompt objection, the defendant could have preserved his rights by moving to discharge the jury (New v. Jackson, supra [50 Ind.App. 120] 95 N.E. [328] loc. cit. 332), but this was not done. We think that, under the circumstances, it was too late to raise the point in the motion for a new trial."

For other cases reaching a similar conclusion under circumstances like those here, see McKnelly v. Sperry Corp., 642 F.2d 1101, 1108 (8th Cir.1981); Gleeson v. Wood, 321 F.Supp. 118, 121 (E.D.Pa.1970); Boedges v. Dinges, 428 S.W.2d 930, 933–934 (Mo.App.1968); Rowden v. American Family Insurance Co., 48 Wis.2d 25, 179 N.W.2d 900, 903 (1970), cf. also United States v. Musto, 540 F.Supp. 318, 333–337 (D.N.J.1982), and cases cited therein.

But there is authority to the contrary. In Danes v. Pearson, 6 Ind.App. 645, 33 N.E. 976, 979 (1893), the court held that judge-juror communications like those here were error per se. Therefore, if error was committed, it was such as could not be corrected so that failure to object until the motion for new trial did not constitute a waiver. The court refused to infer consent to the action of the trial judge from counsel's silence. See also Hartgrove v. Chicago, B. & Q. R. Co., 358 Mo. 971, 218 S.W.2d 557, 563 (1949) (since counsel did not know the subject of the conversation, he could not object to what he did not know.).

As stated earlier, the Court of Appeals relied upon the case of McBride v. Allen, 720 S.W.2d 459 (Tenn.App.1979), in reversing the judgment entered in the trial court. In the McBride case, the trial judge went into the jury room to give additional instructions to the jury. While the judge and jury were waiting for the attorneys to arrive, the jurors asked the judge if they were "staying out longer than most jurys [sic] to decide a case." The judge replied that "usually the jury returns a verdict in a shorter amount of time—but you have people on the jury every now and then that just like to argue." Counsel called this incident to the trial judge's attention immediately after it occurred and unsuccessfully moved for a mistrial. Citing authority from other jurisdictions, the Court of Appeals reversed, holding that in the absence of overriding considerations the trial judge may not communicate with a jury other than in open court or in the presence of, or with consent of, counsel, and if he does so, it is reversible error. It was clear from the authorities cited that the Court of Appeals felt that any such communication

between judge and jury mandated reversal regardless of prejudice.

It is true that, as the Court of Appeals pointed out, courts have held that *ex parte* communication between judge and jury under circumstances like these are reversible error regardless of prejudice and regardless of the subject of the communications. *See, e.g., Danes v. Pearson, supra,* (inquiry on whether jury could agree before supper or whether supper should be ordered held reversible); *Daniels v. Bloomquist,* 258 Iowa 301, 138 N.W.2d 868, 871–872 (1965); *Glendenning v. Sprowls,* 405 Pa. 222, 174 A.2d 865 (1961); *DuCate v. Town of Brighton,* 133 Wis. 628, 114 N.W. 103, 106 (1907); *Wiles v. Stowe,* 236 S.W.2d 21 (Mo.App. 1951).

At the same time other courts have held that prejudice must be shown or that certain administrative communications do not fall under a per se rule. *See, e.g., Truscott v. Chaplin, supra; Andrews v. O'Hearn,* 387 N.W.2d 716, 723–726 (N.D.1986); *Snediker v. County of Orange,* 58 N.Y.2d 647, 458 N.Y.S.2d 517, 444 N.E.2d 981 (1982); *Ayrhart v. Wilhelmy,* 135 Iowa 290, 112 N.W. 782, 783 (1907); *Helmbrecht v. Helmbrecht,* 31 Minn. 504, 18 N.W. 449 (1884); *DeLeon v. Dr. Pepper Bottling Co.,* 694 S.W.2d 381, 383 (Tex.App.1985); *People in Interest of E.S.,* 681 P.2d 528 (Colo.App. 1984); *Texas & P. Ry. Co. v. Short,* 62 S.W.2d 995, 998 (Tex.Civ.App.1933); *Cf. Cartwright v. State,* 80 Tenn. 620 (1883).

The recent case of *Life from the Sea, Inc. v. Levy,* 502 So.2d 473, 474 (Fla.App. 1987), summarized the current status of the law.

> The overwhelming weight of authority, which we choose to follow, is that where a trial judge's *ex parte* communication with a jury in a civil case does not affect any substantial rights of the parties, the error will be deemed harmless. A complaining party thus must demonstrate specific prejudice, which might include a showing of an inability of the reviewing court to determine from the record whether the action was actually harmless. *Loatman v. Patillo,* 401 A.2d 91 (Del.1979); *Beck v. Wessel,* 90 S.D. 107,

237 N.W.2d 905 (1976) (affirming a judgment where the jury has asked the trial judge if he could give them certain information and he responded "no"). *See also Nelson v. Hydraulic Press Mfg. Co.,* 84 Ill.App.3d 41, 39 Ill. Dec. 422, 404 N.E.2d 1013 (App.2d Dist.1980) (moving party must demonstrate specific prejudice before a jury verdict will be set aside as a result of an unauthorized communication with the jury); *Fordyce v. Hansen,* 198 Mont. 344, 646 P.2d 519 (1982) (the ultimate inquiry is whether the irregularity affected the substantial right of the party).

Indeed in an earlier criminal case, *Cartwright v. State,* 80 Tenn. 620 (1883), this Court appeared to follow this rule and found no reversible error where the trial judge stopped by the jury room during deliberations and told the jury that he was going home and that if they should agree they could send for him. This Court stated:

> Strictly the judge had no right to enter the jury room and there speak to them about the case. It is more proper that all his communications with the jury should be had in open court in the presence of the prisoner and his counsel.
>
> In 3 Wharton Am. C.L. sec., 3139, it is said that no communication whatever ought to take place between the judge and jury after the charge of the court, except in open court, and when practicable, in the presence of the prisoner. The cases cited are such as contain new matter by way of additional instruction on the merits of the case, or where they had been urged to agree. In this case nothing of this sort appears. The judge, for his own convenience and that of the jury, simply informs them where he can be found when wanted.
>
> We cannot see how any injury could have resulted to defendant from such a communication.

80 Tenn. at 629. *Cartwright* seems to indicate that some prejudice must be shown before reversal is warranted particularly where the communications concern admin-

istrative matters. To that extent *Cartwright* conflicts with *McBride*.

Civil cases on this subject are annotated at 41 A.L.R.2d 288, 305, § 10, *et seq.* (1955), and at 32 A.L.R.Fed. 392 (1977).

As indicated by the previous citations, a survey of these cases reveals no consistent agreement between, or even within, jurisdictions as to whether reversal is necessary in all cases regardless of prejudice or content of the communications. Frequently, too, a decision will hinge upon a statute or rule of procedure.

■ The best position seems to us to be that a trial judge's *ex parte* communication with a jury in a civil case does not require reversal per se, but reversal is required where a *timely* complaining party shows specific prejudice or where, owing to the nature of the *ex parte* communication, the reviewing court is unable to determine whether the action was actually harmless. *See Andrews v. O'Hearn,* 387 N.W.2d 716 (N.D.1986); *Hernandez v. Charles E. Virgin, M.D., P.A.,* 505 So.2d 1369 (Fla.App. 1987); *Guzzi v. Jersey Central Power & Light Co.,* 36 N.J.Super. 255, 115 A.2d 629 (1955).

As the Court in *Truscott v. Chaplin, supra,* 403 F.2d at 645, stated:

We recognize that there may be times when administrative communications between judge and jury may properly transpire in the absence of counsel, so long as these communications do not contain supplemental instructions relating to the case and are clearly incapable of prejudicing the rights of the parties. In this general category would be communications relating to the jurors' welfare, comforts and physical needs. Such communications must not directly or indirectly refer to the specifics of the case, must be collateral to the issues under consideration, and must not be capable of affecting the deliberative process in any manner.

■ In the case now under consideration, every indication is that the communication between the trial judge and the jury concerned administrative matters, that is, the excusing of the jury for lunch. But whether or not this was the case, by electing not to timely object to the *ex parte* communication, plaintiffs waived their right to complain. It follows that it was error on the part of the Court of Appeals to reverse the trial court judgment on the basis of the *ex parte* communication between the trial court and the jury.

The Court of Appeals also found error in the trial of this case in the exclusion of the testimony of Dr. Don Schaffer. The court did not consider "whether the error was harmless because the evidence sought to be introduced was cumulative or because it did not show any lack of care on the part of Dr. Vieth," since it was reversing the trial court's judgment on the basis of the communication between the judge and jury in the absence of counsel. In view of our reversal of the Court of Appeals' holding on that issue, the case will be remanded to consider the pretermitted issue.

Judgment of the Court of Appeals is reversed. The case is remanded to that court for consideration of the pretermitted issue. Costs in this Court will be paid by the plaintiffs and their surety, if any.

HARBISON, C.J., and FONES, DROWOTA, and O'BRIEN, JJ., concur.