IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 3, 2004

## WILLIAM LEWIS HOUSTON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Giles County**
**No. 10265    Robert L. Holloway, Jr., Judge**

---

**No. M2003-00304-CCA-R3-PC - Filed June 16, 2004**

---

Petitioner was convicted by a Giles County jury for several drug-related offenses and was given an effective sentence of 72 years.  In his direct appeal to this Court, his conviction was affirmed, and his sentence was reduced to 46 years.   Petitioner then filed a Petition for Post-conviction Relief.  The post-conviction court denied the petition.  Petitioner appeals the decision of the post-conviction court and argues three issues on appeal: (1) Whether the post-conviction court erred in finding that trial counsel was effective; (2) whether the post-conviction court erred in its decision with respect to the trial judge's presence in the jury room; and (3) whether newly-discovered evidence of officer/witness's wrong doing and character mandates a new trial.  We affirm the decision of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Lucy D. Henson and Dennis P. Stack, Pulaski, Tennessee, for the appellant, William Lewis Houston.

Paul G. Summers, Attorney General & Reporter; Richard H. Dunavant, Assistant Attorney General; Mike Bottoms, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL BACKGROUND**

On direct appeal, the Court summarized the facts of this case as follows:

> Between February and May of 1997, Ted Watkins, a paid undercover agent,
> conducted a series of drug transactions with the defendant.    During these

transactions, the undercover agent was wired with an audio-taped transmission device which was monitored by Officer Dan Miller of the Giles County Sheriff's Department and Agent Pat Howell of the Tennessee Bureau of Investigation. At trial, the undercover agent, Miller and Howell testified about the underlying transaction for each indictment. The undercover agent testified that he coordinated the amount of cocaine that would be purchased during each transaction with Miller and Howell. The undercover agent further testified that telephone calls transpired between the defendant and him before each buy. These telephone conversations were taped by the undercover agent and admitted into evidence at trial. Miller and Howell also testified that, prior to each transaction, they met with the undercover agent at a previously arranged location where both the undercover agent and the agent's vehicle were searched. The undercover agent was then wired with the transmitter and given money for the purchase.

State v. William Lewis Houston, No. M1999-01430-CCA-R3-CD, 2000 WL 1793088 at * 1 (Tenn. Crim. App. at Nashville, Dec. 7, 2000)

Petitioner, William Lewis Houston, was the subject of several indictments for drug-related offenses as a result of the undercover activities. He was convicted by a Giles County jury of all but one of the charges against him. This resulted in convictions for four counts of selling 0.5 grams or more of cocaine, two counts of selling 26 grams or more of cocaine, one count of facilitation of the sale of 0.5 grams or more of cocaine, one count of selling counterfeit cocaine, and one count of aggravated assault. The trial court sentenced Petitioner to an effective sentence of 72 years. Petitioner appealed his conviction to our Court. See State v. William Lewis Houston, No. M1999-01430-CCA-R3-CD, 2000 WL 1793088 (Tenn. Crim. App. at Nashville, Dec. 7, 2000). We affirmed the convictions, but modified the Petitioner's sentence so that he was given an effective sentence of 46 years.

Petitioner then filed a pro se Petition for Post-conviction Relief. He argued several issues in this petition, which was later amended after counsel was appointed. The trial court held a hearing on the Petition for Post-conviction Relief. At the conclusion of the hearing, the trial judge made a partial ruling on the record and later filed a written order denying Petitioner's petition on January 13, 2003.

Petitioner argues three issues on appeal: (1) Whether the post-conviction court erred in finding that trial counsel was effective; (2) whether the post-conviction court erred as to the findings concerning the trial judge's presence in the jury room; and (3) whether newly-discovered evidence of an officer/witness's wrong doing and character mandates a new trial.

## ANALYSIS

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). During our review

of the issue raised, we will afford those findings of fact the weight of a jury verdict, and this court is bound by the court's findings unless the evidence in the record preponderates against those findings. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim .App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. See State v. Honeycutt, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

## Trial Judge in Jury Room

During Petitioner's trial, the trial judge entered the jury room on two occasions during the jury's deliberation, according to evidence presented in the post-conviction hearing. The judge entered the jury room to discuss something concerning the jury's comfort, such as the meal or their sequestration. The second instance dealt the replacement of a page to the jury instructions, which had been agreed upon by all parties. Petitioner argues that the judge's entry into the jury room entitles him to a new trial.

This issue was not presented in Petitioner's direct appeal from his conviction. In a post-conviction proceeding, "[a] ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless" the claim is based upon a newly recognized constitutional right with retroactive application or the ground was not presented as the result of state action in violation of the federal or state constitution. Tenn. Code Ann. § 40-30-106(g); see State v. Benson, 973 S.W.2d 202, 208 (Tenn. Crim. App. 1998).

Petitioner's appellate counsel testified at the post-conviction hearing that he chose not to raise this issue on direct appeal, although it had been presented in Petitioner's Motion for a New Trial following his conviction. Appellate counsel stated several reasons that he did not bring it as an issue on appeal. The reason that this issue was not put forth on direct appeal was a conscious decision of Petitioner's appellate counsel. This is not a situation where there is a newly-recognized constitutional right or where the ground was not presented as a result of state action. Therefore, this issue has been waived by the Petitioner.

## Ineffective Assistance of Counsel

The petitioner argues that the post-conviction court erred in finding that trial counsel was effective. When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. See Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn.

1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." Henley, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. See id. at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. Burns, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. See Adkins, 911 S.W.2d at 347. This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. See id. However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. See Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Petitioner specifically argues that his trial counsel's was ineffective in not objecting to two instances where the trial judge entered into the jury room. As noted, the first instance apparently had something to do with the jury's meal or another administrative problem, while the second instance involved the trial judge substitution of a page to the jury charge.

The trial court made the following findings with regard to whether trial counsel offered effective assistance:

> The Petitioner alleges that trial counsel [ ] was ineffective in failing to object to Judge Hamilton entering the jury room and in failing to move for a mistrial after Judge Hamilton entered the jury room. The Court, having previously found that there was consent to Judge Hamilton entering the jury room, finds that there was no ineffective assistance of counsel on the part of [trial counsel] because [trial counsel's] representation, including giving consent, did not fall below the range of competence demanded by attorneys in criminal cases.

At the post-conviction hearing, Petitioner's trial counsel testified to the two instances of the trial judge entering the jury room. The trial judge also submitted an affidavit. His affidavit described one instance of entering the jury room where he substituted a page of instructions with the consent of counsel and that no deliberations occurred in his presence. Two jurors from Petitioner's trial also testified at the post-conviction hearing. One of the jurors testified that she did not even see the trial judge enter the jury room. The other juror recalled the trial judge coming in only once and

-4-

that he made it clear he could not discuss the trial, but he was making sure everyone was comfortable and mentioned the possibility of visits with family members if the jury continued to be sequestered over Easter. In the transcript from Petitioner's trial, there is reference to one instance of the trial judge entering the jury room during deliberations, with the consent of both parties to substitute a page of the jury instructions.

Appellate counsel testified at the post-conviction hearing that trial counsel's failure to object to the trial judge's communications with the jury made it impossible for him to rely on that issue on appeal. He went so far as to state that he believed that trial counsel's failure to object was ineffective assistance of counsel.

Ex parte communications between the trial judge and the jury should be avoided even if counsel agrees, however, the Petitioner must also prove that trial counsel's failure to object prejudiced him. This Court has concluded that when jurors are exposed to "extraneous prejudicial information or improper influence," the State is given the opportunity to "explain the conduct or to demonstrate the harmlessness of it." State v. Parchman, 973 S.W.2d 607, 612 (Tenn. Crim. App. 1997). In addition, when the burden is shifted to the State "to demonstrate the harmlessness of the communication with the jury, the threshold question is whether the statement communicated to the jury was prejudicial to the defendant." Id.

This Court has stated:

> Most courts have declined to adopt a per se reversible error standard such as was announced in McBride v. Allen, 720 S.W.2d 459, 465 (Tenn. App. 1979), wherein the Court held that ex parte conversations between judge and jury constitute reversible error. Guy [v. Vieth], 754 S.W.2d 601, 604 [(Tenn. 1988)]. Through Estate of Depriest v. Allen, 733 S.W.2d 74, 77 (Tenn. App. 1976), the court stated "that instructing the jury outside the presence of counsel where the supplemental proceedings are on the record is not per se reversible." Quoting Wade v. Ordway, 60 Tenn. 229, 232 (1872), the court in Depriest suggested that requiring strict observance of the prohibition on judge-jury communications outside the presence of counsel "would be to uphold the letter of the rule of practice, but to disregard its spirit and principle." Depriest, 733 S.W.2d 74, 77.
>
> . . . . In criminal cases where the issue of judge-jury communications was raised, courts have generally ruled consistent with Depriest that slight departure from what is considered proper procedure, though discouraged, does not require reversal.

State v. Tune, 872 S.W.2d 922, 928 (Tenn. Crim. App. 1993).

After reviewing the evidence presented at the post-conviction hearing, including the testimony from the two jurors, we cannot conclude that the Petitioner has or could have shown any prejudice based on the communications between the trial judge and the jury or his trial counsel's

failure to object to these communications. As stated above, one juror did not even recall the trial judge entering the jury room, and the other juror recalled an inquiry into the jury's comfort, including the possibility of visits with family members if the jury continued to be sequestered over Easter. We find no evidence of statements prejudicial to Petitioner. Petitioner has been unable to prove that the outcome of his trial would have been different had his trial counsel objected to the trial judge's communications with the jury.

Therefore, we affirm the trial court's decision that there is no basis for post-conviction relief based upon ineffective assistance of counsel.

### Newly-Discovered Evidence

Petitioner's final issue is that he should be granted a new trial based on newly-discovered evidence. The Tennessee Bureau of Investigation agent, Patrick Howell, was the agent in charge of Petitioner's case and handled the actions of a confidential informant. At the time of the post-conviction hearing, Agent Howell was under indictment for several counts of use or possession of cocaine, as well as, evidence tampering for incidents during 2001. Petitioner argues that the later indictments of Howell raise questions of his credibility at petitioner's trial.

Tennessee Code Annotated section 40-30-103 sets out the grounds for relief under a petition for post-conviction relief. Tennessee Code Annotated section 40-30-103 states, "[r]elief under this part shall be granted when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." The discovery of newly-discovered evidence as to a witness's credibility does not fall within these parameters. This Court has stated:

> It has been long established that issues concerning the sufficiency of the evidence, the guilt or innocence of the accused, and the competency or credibility of witnesses, who testified at the trial are not cognizable in post-conviction proceedings.

Cole v. State, 798 S.W.2d 261 (Tenn. Crim. App. 1990). Clearly, the discovery of new evidence which calls into question the credibility of a witness at trial is not grounds for post-conviction relief.[1]

Moreover, the indictments against Agent Howell center around allegations of criminal wrongdoing which occurred in 2001, four years after the incidents which form the bases of the petitioner's convictions, and two years after the petitioner's trial. To accept the petitioner's argument that such a situation requires a new trial would mean that any trial witness who subsequently engages in criminal conduct creates grounds for re-opening long final convictions. We do not believe this to be the law.

---

[1]The proper method of presenting arguments such as the one raised here is by a writ of error coram nobis, Tennessee Code Annotated section 40-26-105.

## CONCLUSION

We find no error on the part of the trial court in denying the Petitioner's Petition for Post-conviction relief. Therefore, we affirm the judgment of the trial court.

_____

_____
                                        JERRY L. SMITH, JUDGE