IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 20, 2019 Session

## STATE OF TENNESSEE v. GREGORY RANDALL SOUTH

**Appeal from the Criminal Court for Fentress County**
**No. 2017-CR-50        E. Shayne Sexton, Judge**

_____

### No. M2018-01360-CCA-R3-CD

_____

NORMA MCGEE OGLE, J., with whom ROBERT W. WEDEMEYER, J., joins, concurring.

I agree with the majority's conclusion that the defendant's convictions must be reversed and the case remanded for a new trial due to the prosecutor's improper remarks during closing argument. I write separately to express my concern about the trial judge's ex parte discussion with the jury during deliberations.

The record reveals that approximately three hours after the jury began its deliberations, the trial judge informed the parties that it had to end court early due to a previous commitment. The judge suggested that he "go back and talk to [the jury] and inform them of the time constraints without asking them anything about where they are or what they are doing." The parties did not object to the judge's suggested course of action.

Upon returning to the courtroom, the trial judge said:

> Let me tell you what I've done. I told them my timetable. And we can do this out here if you wish. I have read – I have re-read an instruction to them. It is –it's frankly all I did. . . . That -- my reading of that was in response to some conversation that I heard. And we could bring them back in and I can read that again if you want to them [sic] in open Court, but it was apparent to me that they felt like it was an all or nothing proposition, that they were not considering these charges separately, so that was the response. That was

the – what I thought I needed to do. It's a little unorthodox, but I don't think it's off of – off the mark.

The State asked the trial judge, "Could you just maybe explain again what you mean when you say you don't think they were considering the charges separately?" The trial judge responded, "They thought that it's all or nothing, that it was guilty on everything or not guilty on everything. . . . They were not considering the events separately." The trial judge reiterated, "I will concede it is – that is unorthodox, however, it's exactly what I would have done in the Courtroom if they had, you know, asked the question in writing." The State asked, "But even though it says you have to consider them separately, they are telling – they made a statement they're not following the instructions?" The trial judge replied, "Well, I'm not gonna speculate on what's going on." At that point, the trial judge asked the parties to go with him into his chambers, where, the record reflects, a conference was held off the record. After the conference ended, the jury was brought back into the courtroom, and the trial judge told the jury that he had spoken with counsel about his "visit" with them in their deliberation room. He then excused the jury until the next morning. The jury returned the next day and returned its verdict shortly after the lunch break.

In State v. Art Mayse, No. M2004-03077-CCA-R3-CD, 2006 WL 1132082, at *7-9 (Tenn. Crim. App. at Nashville, Apr. 27, 2006), this court emphasized that trial courts should discontinue the practice of communicating ex parte with deliberating juries. In Mayse, the trial judge, while speaking ex parte with the jury during its deliberation, helped the jury formulate the question they wanted to ask the trial judge on the record regarding the election of offenses and jury instructions. The trial judge made the parties aware of the communication, and the parties raised no objections. Id. at *8. Although this court found that the ex parte communication was not reversible error, the court nevertheless explained:

> To prevent even the appearance of judicial partiality or unfairness, any proceeding involving the jury after it has retired for deliberations should be conducted in open court and in the defendant's presence. State v. Tune, 872 S.W.2d 922, 929 (Tenn. Crim. App. 1993); Smith v. State, 566 S.W.2d 553, 559-60 (Tenn. Crim. App. 1978). The proper method of fielding jury questions during deliberations is to recall the jury, counsel for both parties, the defendant, and the court reporter and to resolve the matter on the record. [State v. Mays, 677 S.W.2d 476, 479 (Tenn. Crim. App. 1984)].

Id. at *8.

Our supreme court has specifically stated that ex parte communications between the trial judge and the jury should not contain supplemental instructions relating to the case and "'must not directly or indirectly refer to the specifics of the case, must be collateral to the issues under consideration, and must not be capable of affecting the deliberative process in any manner.'" Guy v. Vieth, 754 S.W.2d 601, 605 (Tenn. 1988) (quoting Truscott v. Chaplin, 403 F.2d 644, 645 (3d Cir. 1968).

_____
NORMA MCGEE OGLE, JUDGE