IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

FILED

October 3, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

OLLIE DAVIS AND R. D. DAVIS,

     Plaintiffs-Appellants,

Vs.

Shelby Circuit #47036 T.D.
C.A. No. 02A01-9410-CV-00245

HORACE HALL,

     Defendant-Appellee.

FROM THE CIRCUIT COURT OF SHELBY COUNTY

THE HONORABLE WYETH CHANDLER, JUDGE

Lewis K. Garrison of Memphis
For Plaintiffs-Appellants

John D. Richardson, The Richardson Law Firm, of Memphis
For Defendant-Appellee

*AFFIRMED AND REMANDED*

Opinion filed:

W. FRANK CRAWFORD, JUDGE

CONCUR:

HEWITT P. TOMLIN, PRESIDING JUDGE, W.S.

ALAN E. HIGHERS, JUDGE

This appeal involves a suit to recover damages for personal injury and property damage arising out of an automobile accident. Plaintiffs, Ollie H. Davis and R. D. Davis, appeal from the judgment of the trial court on a jury verdict for the defendant, Horace Hall.

The complaint alleges that on March 5, 1992, plaintiff, Ollie Davis, was driving the plaintiffs' 1981 Buick automobile east on Shelby Drive in Memphis, Tennessee, when the defendant, who was also driving east on Shelby, drove his 1977 Ford automobile into the rear of plaintiffs' vehicle, thereby causing a collision in which plaintiff sustained personal injuries and property damage.[1] The complaint alleges that defendant's actions were negligent and that they violated city ordinances and state statutes. The complaint further alleges that defendant's action were the direct and proximate cause of the collision as well as the resulting losses, injuries, and damages to the plaintiffs.

Defendant's answer denies the material allegations of the complaint. In addition, defendant filed a counterclaim for damages alleging that plaintiff was guilty of various acts of common law negligence and violation of city ordinances and state statutes, all of which directly and proximately caused the collision and resulting damages to the defendant.

The jury returned a verdict for the defendant on the original complaint and awarded defendant $700.00 in damages on his counter-complaint. The court duly entered judgment on the jury verdict, and plaintiffs have appealed and present nine issues for review.

The first issue, as stated in plaintiffs' brief, is:

---

[1]Plaintiff, R.D. Davis, Ollie Davis's husband, sues for loss of services and consortium.

2

1. Did the trial judge commit reversible error by communicating with the jury during deliberations outside the presence of counsel and without the consent of counsel.

In support of the motion for new trial, plaintiffs submitted Mr. Davis's affidavit which states that he observed the trial judge, during jury deliberations and absent counsel for the parties, enter the jury room, and that shortly thereafter, the judge permitted the jury to break for lunch. The affidavit also stated that immediately after Mr. Davis's lawyer returned from lunch, Mr. Davis conveyed this information to his lawyer. The record does not reveal, nor does plaintiffs' brief assert, that plaintiffs' counsel at any time, prior to filing the motion for a new trial, objected to any communication the judge had with the jury. At the hearing on the motion for new trial, the trial judge stated:

> Now, all I can say again with regard to that first allegation is, is that I do not recall speaking to any jury. I have never spoken to any jury unless -- the only purpose I speak to them would be for the purpose of saying ladies and gentlemen, you all ready to take a break or go to lunch or are you ready to go home or whatever. That doesn't take any sixty seconds. It takes about five seconds and I wouldn't influence this jury or any other jury and wouldn't say anything or do anything unless I had the permission of the counsel to do it. So -- unless I was just walking by and somebody yelled at me and said, how long do we have to stay and I said, if y'all ready to go, I'll tell the lawyers. That would be the extent of it. Nothing more. And I never heard -- there has never been -- no allegation of that type has ever been levied against me and I don't take well to it.

> [D]on't mind your client saying he saw me leaning in the jury room because I very well could have. As I say, I do that. I don't know how to tell them it's time to go home or time to take a break without either me looking in there or the sheriff looking in there or somebody looking in there. And I generally like to knock on the door, tell them to come to attention and look in and say, ladies and gentlemen, are y'all ready to go home. . . .

The trial judge permitted plaintiffs to introduce the testimony of a court

3

deputy who testified that she did observe the judge enter the jury room after he stated that he was "going to check about lunch."

Although it is error for a trial judge to have *ex parte* communication with members of the jury, *Spencer v. A-1 Crane Serv., Inc.*, 880 S.W.2d 938, 941 (Tenn. 1994), there was no timely objection to any *ex parte* communication, and, thus, "plaintiffs waive their right to complain." *Guy v. Vieth*, 754 S.W.2d 601, 605 (Tenn. 1988).

In *Guy*, the Court stated:

> The best position seems to us to be that a trial judge's *ex parte* communication with a jury in a civil case does not require reversal per se, but reversal is required where a *timely* complaining party shows specific prejudice or where, owing to the nature of the *ex parte* communication, the reviewing court is unable to determine whether the action was actually harmless.[2] [Citations omitted]. (Emphasis in original).

*Id.* at 605.

In the case at hand, the record is clear that the trial judge merely inquired about lunch, and that this inquiry had no bearing on the jury deliberations. Therefore, plaintiffs' first issue is without merit.

Plaintiffs' second and third issue, as set out in the brief, will be considered together:

> 2. Did the trial court err by permitting defendant to introduce, play in the presence of the jury, and mark as an exhibit a tape recording of plaintiffs'/appellants' independent witnesses' statements to an insurance adjuster when the Defendant failed to disclose these oral statements or the name of the adjuster during discovery.
>
> 3. Did the trial court err in allowing defense counsel to play a recorded statement by lay witness, Everett Jones and where the witness opined that the rain on

---

[2]This rule, announced in *Guy*, was reaffirmed in *Spencer v. A-1 Crane Serv., Inc., supra.*

4

the day of the accident caused the accident and plaintiffs' motion for a mistrial was denied.

We should first note that plaintiffs' brief concerning these issues contains no citations to the record. This Court has no duty to exhaustively search this voluminous record to verify the unsupported allegations in plaintiff's brief. *McReynolds v. Cherokee Ins. Co.*, 815 S.W.2d 208, 211 (Tenn. App. 1991); *Airline Constr. Inc. v. Barr*, 807 S.W.2d 247, 275 (Tenn. App. 1990). Nevertheless, in this instance the Court will address the issue.

Plaintiffs first argue that the trial court should have excluded the statements because they were not produced in discovery. The record reflects that plaintiffs did not file interrogatories to discover any pertinent material, nor did plaintiffs file a request for production. Apparently plaintiffs contend that in a pretrial discovery deposition defendant was asked if he had knowledge of any witnesses, to which he replied in the negative and that this constituted a denial of the existence of any tapes.

The record also reflects that when defense counsel brought up the tape in the trial of the case, the trial court recessed and allowed plaintiffs' counsel to listen to the tape and then to make any objections. Although plaintiffs' counsel made several objections, he never stated as a ground for an objection that defendant had violated any rules of discovery. Moreover, we do not have the discovery deposition apparently relied upon by plaintiffs, and therefore, we cannot ascertain the context of any questions asked concerning witnesses known to the defendant.

Plaintiffs also argued that the tape recording was improperly used to impeach the witness's testimony concerning five issues, because the issues were either irrelevant or the taped statement was not inconsistent with the testimony of the witness on those issues. In order for a statement to be used to impeach

5

a witness, the statement must be inconsistent with the statement given at trial. Tenn.R.Evid. 613; *Doochin v. U.S. Fidelity & Guar. Co.*, 854 S.W.2d 109, 114 (Tenn. App. 1993). A review of the tape introduced in this case indicates statements that were inconsistent with the version of events the witness related at trial. We note also that the witness was afforded the opportunity to explain or deny the statements made on the tape. *See* Tenn.R.Evid. 613 (b). The trial court has great discretion in the admission or rejection of evidence, and the court's action will be overturned on appeal only when there is a showing of abuse of discretion. *Otis v. Cambridge Mutual Fire Insurance Co.*, 850 S.W.2d 439 (Tenn. 1992). These issues are without merit.

The fourth issue presented for review, as stated in plaintiffs' brief, is:

> 4. Did the trial court commit reversible error by permitting the investigating police officer of a prior automobile accident by plaintiff to testify regarding the prior accident where the plaintiff stated she did not remember the accident and medical records from the prior accident had already been introduced.

Plaintiff testified that she could not remember being in a prior automobile accident in 1985. To impeach plaintiff's testimony, defendant introduced a hospital record to show that plaintiff claimed a neck injury apparently from an automobile accident in 1985. Defendant then submitted the testimony of a police officer stating that plaintiff was involved in a rear end collision in 1985. Plaintiffs' suit is for personal injuries, including a neck injury resulting from an automobile accident, and she denied a prior accident in which such an injury was claimed. Therefore, the evidence introduced was relevant and properly admitted to contradict plaintiffs' testimony.[3] *See* Neil P. Cohen *et al.*, *Tennessee Law of Evidence* § 607.3 (2d ed. 1990).

--------

[3]However, the testimony of the police officer might be considered somewhat cumulative.

The fifth issue for review, as stated in plaintiffs' brief, is:

> 5. Did the trial court err in not sustaining plaintiffs' counsel's objection and by not giving curative instructions to the jury where defense counsel in his closing argument told the jury that a vehicle moves so many feet per second and no proof was adduced at trial on this point.

Although plaintiff failed to direct this Court to the point in the record where any alleged error occurred, we have located the alleged error and will briefly address it. During the closing argument, defendant's counsel argued to the jury that, "We all know that a car driving 40 m.p.h. goes 60 feet a second." Plaintiffs' counsel objected because there was no proof of such calculations in the record. The trial court admonished counsel to allow the jury to make their own calculations and, thus, in effect, sustained the objection. Plaintiffs' counsel asked for no curative instruction of any kind.

In general, the control over the argument of counsel resides with the trial court, and the trial court has broad discretion as to what shall and shall not be permitted in argument. The appellate courts generally will not interfere with the discretionary action of a trial court in refusing to grant a mistrial or a new trial for misconduct of counsel in argument unless the argument is clearly unwarranted and made purely for the purpose of appealing to passion, prejudices and sentiment which cannot be removed by sustaining the objection of opposing counsel. *Perkins vs. Sadler*, 826 S.W.2d 439, 442 (Tenn. App. 1992). We find no error by the trial court, and this issue is without merit.

The sixth issue, as stated in plaintiffs' brief, is:

> 6. Did the trial court err by instructing the jury that an insurance company was not a party to this suit and insurance should not be considered by the jury, where the jury was led to believe there was no insurance and plaintiffs' motion for a mistrial was denied.

Plaintiffs assert that the "trial court's instructions regarding no insurance in

7

the case went beyond the normal charge of instructing the jury not to consider insurance in their deliberation." Once again, plaintiffs have failed to cite to the record, but we have located the alleged error in the trial court's instructions. The trial court stated:

> Now, Ladies and Gentlemen, in this case no insurance company is a party to this action. You must refrain from inferences, speculation or discussion about insurance.

The court's instruction to the jury is correct in every respect. This issue is without merit.

Plaintiffs' seventh issue for review, as stated in their brief, is:

> 7. Did the trial court err in permitting defense counsel in his opening argument to state that plaintiff had previously sustained a worker's compensation injury, received a 16 percent (16%) disability rating, and settled her claim where its unfair prejudice outweighed the probative value of this statement and mislead [sic] the jury.

In the opening statement, defendant's counsel stated that plaintiff was claiming a neck injury in the case about to be tried, but that in fact she had continuing problems from a previous injury where she had received a workers compensation settlement based upon a disability rating of only 16 percent to the body as a whole. Plaintiffs' counsel made no objection to this statement, nor did plaintiffs' counsel ask for a mistrial or other curative measures. From our review of the record we cannot say that counsel's remarks in opening statement concerning the workers compensation settlement more probably than not affected the verdict of the jury. In any event, it appears that plaintiffs' counsel apparently did not think that there was an infraction because no motion was made for any curative instruction or for a mistrial. This issue is without merit.

Plaintiffs' eighth issue for review, as set out in the brief, is:

> 8. Did the trial court err in not permitting plaintiffs'

8

> witness/investigator to testify about debris, skid marks and measurements he took at the accident scene where the investigator had personal knowledge of this information since he visited the scene within days after the accident and made a diagram of same.

Plaintiffs have failed to direct this Court to the alleged error's location in the record, but it appears from our review that defendant addressed the court in what could be considered a motion *in limine* concerning a witness's testimony. We did not see a definitive ruling by the trial court excluding this person as a witness. The trial court, in colloquy with counsel, noted that he would prohibit the witness from testifying as to certain things that were not competent, and apparently no objection was made by plaintiffs' counsel. In any event, the witness was never put on the stand, and there was never any offer of proof of any kind. Thus, we have no way of knowing whether the evidence was improperly excluded. In the absence of an offer of proof and the inclusion of the testimony in the record, this Court cannot consider the alleged error. *Brown v. Weik*, 725 S.W.2d 938, 948 (Tenn. App. 1983); *Valentine v. Conchemco, Inc.*, 588 S.W.2d 871, 876 (Tenn. App. 1979). This issue is without merit.

The last issue presented for review, as stated in plaintiffs' brief, is:

> 9. Did the trial court err in permitting the jury to take into deliberations the original tape recording of a recorded statement given by plaintiffs' independent witness Jones, where part of the original tape had been deemed inadmissible and excluded from the jury and a second substitute tape recording with the objectionable material deleted had been entered as an exhibit.

It appears from the briefs that the tape recording involved in issues 2 and 3 was retaped to eliminate objectionable material, and the new tape was to be the evidentiary exhibit. However, the original tape recording, introduced for identification only, was kept with the exhibits and inadvertently went to the jury

9

room with the other exhibits. When the exhibits were sent to the jury room, counsel for plaintiffs should have been alert to what was being sent to the jury room and not now complain that the court allowed a rejected piece of evidence to go to the jury. This issue is entirely without merit.

The judgment of the trial court is affirmed, and costs of the appeal are assessed against the appellants. The case is remanded to the trial court for such further proceedings as may be necessary.

_____
W. FRANK CRAWFORD, JUDGE

CONCUR:

_____
HEWITT P. TOMLIN, JR.,
PRESIDING JUDGE, W.S.

_____
ALAN E. HIGHERS, JUDGE