IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
_____

SYLVIA HUDSON,

    Plaintiff-Appellee,

Vs.

DAVE SHORTER, JR.,

    Defendant-Appellant.

Shelby Circuit No. 78879 T.D.
C.A. No. 02A01-9709-CV-00232

FILED

June 9, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

FROM THE CIRCUIT COURT OF SHELBY COUNTY
THE HONORABLE JAMES E. SWEARENGEN, JUDGE

Jerry Stokes of Memphis
For Plaintiff-Appellee

C. J. Barnett, McNabb, Holley & Waldrop PLLC of Memphis
For Defendant-Appellant

*AFFIRMED AND REMANDED*

Opinion filed:

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

    This is an automobile personal injury case. The defendant, David Shorter, Jr., appeals from the judgment of the trial court in a bench trial awarding plaintiff, Sylvia Hudson, $9,000.00 damages. Shorter's responsibility for the accident was stipulated, and the trial concerned only the issue of damages.

Although the collision caused relatively minor damage to the parties' vehicles,[1] Hudson was taken to the emergency room of Methodist Hospital in Memphis immediately after the accident. She was examined and released without being referred to any health care professional. Hudson admitted that shortly thereafter she retained an attorney and was referred to Bellevue Clinic for treatment of alleged lower back and neck pain. Hudson visited the clinic on fourteen occasions, and her treatment included the application of hot and cold packs and the administration of ultrasound to her lower back and neck. Bellevue Clinic's bill totaled $2,655.00 for these visits.[2] Subsequently, Bellevue Clinic referred Hudson to Dr. Paul Williams, an orthopedist. Dr. Williams administered similar conservative treatment to Hudson during the course of nine visits and charged her a total of $528.00.

Hudson sued Shorter for damages in general sessions court, and Shorter appealed to circuit court for a trial *de novo*. The case was tried in the circuit court by a judge without a jury, and the bills for medical expenses were introduced into evidence by stipulation. Hudson also presented the deposition testimony of Dr. Williams concerning his care and treatment and also as proof that the major medical bill from Bellevue Clinic was reasonable and necessary. The trial court considered the deposition testimony in reaching its decision to award plaintiff $9,000.00 as damages. Shorter has appealed and presents in his brief these issues for review:

> Under the surrounding circumstances, were the appellee's physician's opinions too speculative, and not within a sufficient degree of certainty to be admitted into evidence at trial:
>
> a. With respect to his treatment of the appellee? And/Or
>
> b. With respect to the treatment and bill allegedly incurred by the appellee with another physician?

In his deposition, Dr. Williams testified about Hudson's initial visit with him as follows:

> Q.      What were your findings after this physical examination?
>
> A.      My opinion was that she sustained a strain and sprain of a generalized nature of her lumbar spine.
>
> Q.      Was that consistent, Doctor, with an automobile accident that she gave a history of?
>
> A.      It could and might be caused by an automobile accident.

---

[1]  Photographs reveal that the rear of Hudson's car was only slightly damaged, whereas the front of Shorter's pick-up truck was not damaged at all.

[2]  There was a dispute at trial concerning whether the clinic triple-charged Hudson for certain treatments.

2

When asked whether his treatment rendered to Hudson during the course of her visits was "necessary," Dr. Williams stated:

> She might have lived without the treatment, but I feel that the treatment was advised based on her medical complaints. And it was my thought that this treatment was what I would like to have done to me if I had the same complaint.

Dr. Williams, after reviewing Hudson's other related medical bills that itemized the treatments by Bellevue Clinic, testified:

> Q. Do you have an opinion whether the treatment that Ms. Hudson received was necessary?
>
> A. Again, these were treatments to relieve her complaints. She could live without the treatments but these would shorten the course of her -- the treatments rendered here would shorten the course of her complaints and make her more comfortable while she was getting better.
>
> Q. Would those treatments be necessary to relieve those complaints?
>
> A. These treatments would be helpful in relieving the complaints.
>
> Q. Did you see the bills that were charged as a result of those treatments?
>
> A. Yes, sir.
>
> Q. Do you think they're fair and reasonable and in keeping with what other physicians who treat soft tissue injuries would charge in this community?
>
> A. They appear to be fair and reasonable and within normal limits for similar groups that render this type of physical therapy treatment.

At the conclusion of his deposition, Dr. Williams was asked:

> Q. Doctor, all that you've testified to you've testified to within a reasonable degree of medical certainty?
>
> A. Yes, sir.
>
> Q. And the treatment you rendered Ms. Hudson, was that consistent with the complaints that she gave in her history stemming from a motor vehicle accident?
>
> A. Yes, sir.

Shorter asserts that the trial court erred in admitting Dr. Williams's medical opinions since they are not within the requisite degree of certainty. In addition to responding that Dr. Williams's opinions were within a sufficient degree of certainty, Hudson counters that Shorter failed to make a timely objection at trial.

The trial court is afforded wide discretion in the admission or rejection of evidence, and the trial court's action will be reversed on appeal only when there is a showing of an abuse of discretion. *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 442 (Tenn. 1992); *Davis v. Hall*, 920 S.W.2d 213, 217 (Tenn. App. 1995).

We first address Hudson's argument that Shorter is barred from asserting this issue since he failed to object at trial. Hudson cites Tenn. R. Civ. P. 32.02, which states:

> Subject to the provisions of Rule 28.02 and Rule 32.04(3), objection may be made at the trial or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying.

Hudson argues that Shorter did not object to the admissibility of Dr. Williams's deposition before her proof was closed. Technically, Shorter did not register an objection before the deposition was presented, but after the court read the deposition, Shorter stated:

> Your honor, I'm opposing any argument about the certainty of these opinions in closing arguments. Without a jury I didn't see any point in trying to raise that at this point.

In a bench trial, we will construe this statement as a formal objection.

In a case such as this, when the medical or doctor bills exceed $2,500.00, the law imposes the duty upon the plaintiff to show by competent proof that the services rendered were necessary and that the charges for the services were reasonable. *Ogle v. Brandon*, C.A. No. 1247, 1989 WL 48460, at *2 (Tenn. App. May 12, 1989) and *West v. Hudson*, Hamilton Circuit C.A. No. 827, 1988 WL 122431, at *3 (Tenn. App. Nov. 18, 1988). Shorter argues that Dr. Williams's testimony concerning his bill for medical services did not prove that the expenses were necessary. As previously noted, Dr. Williams stated that he felt the treatment he gave to Hudson was advised based on her medical complaints, and he further stated that it was the type of treatment he would want if he had the same complaints. Viewing Dr. Williams's testimony as a whole, we construe his opinion that such treatment was advised to be essentially the same as opining that such treatment was necessary to assist Hudson in her recovery. Certainly an injured party is entitled to treatment that will alleviate or lessen discomfort and shorten the duration of any pain and suffering. Perhaps the human body is constructed so that, for most maladies, nature will eventually overcome the problem and the body will be restored to full health. However, the law should not require that a person must rely on nature alone but, instead, should embrace the notion that a person is entitled to utilize the marvelous advances made in the treatment of human ills.

Although it may not use the "magic language," Dr. Williams's testimony does sufficiently prove that his rendered treatment to Hudson was necessary.

In addition to testifying concerning his own treatment, Dr. Williams was questioned concerning the itemized

4

treatments listed on Bellevue Clinic's bill. In *Long v. Mattingly*, 797 S.W.2d 889 (Tenn. App. 1990), this Court considered the testimony of a physician concerning the necessity of another physician's services and the reasonableness of his charges. The Court said:

> A physician who is familiar with the extent and nature of the medical treatment a party has received may give an opinion concerning the necessity of another physician's services and the reasonableness of the charges. To be qualified to render these opinions, the physician must first demonstrate (1) knowledge of the party's condition, (2) knowledge of the treatment the party received, (3) knowledge of the customary treatment options for the condition in the medical community where the treatment was rendered, and (4) knowledge of the customary charges for the treatment.

*Id.* at 893 (internal citations omitted).

Dr. Williams's testimony reveals that he comports to the requirements set out in *Mattingly* and, thus, is qualified to testify accordingly. His testimony concerning the necessity of Bellevue Clinic's treatment was essentially the same as for his own, i.e., treatments to relieve Hudson's complaints. Hudson was certainly entitled to relief from any pain and suffering that she might have been enduring. Dr. Williams testified that the complaints that Hudson had when he was treating her were consistent with the history of an automobile accident and, therefore, could have been caused in that manner. Hudson testified that she was free of any injury prior to the accident and that the problems she incurred resulted after the accident. Under the circumstances of this case, the trial court did not err in considering Dr. Williams's testimony.

The judgment of the trial court is affirmed, and this case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant.

                                                  _____

                                                  **W. FRANK CRAWFORD,**
                                                  **PRESIDING JUDGE, W.S.**

**CONCUR:**

_____

**ALAN E. HIGHERS, JUDGE**

_____

**DAVID R. FARMER, JUDGE**