IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 24, 2003 Session

## RICHARD McDONALD
v.
## SWAIN & SONS TRANSPORTS, INC.,
GEORGE FILGO, AND DON FIELDS

**An Appeal from the Circuit Court for Shelby County**
**No. CT-001322-00-1    John McCarroll, Judge**

**No. W2002-00012-COA-R3-CV  - Filed September 10, 2003**

This is a retaliatory discharge case. In July 1998, the plaintiff truck driver began working for the defendant trucking company. In June 1999, the truck driver was involved in a one-vehicle accident while making a delivery for the company. Soon thereafter, the truck driver was discharged. The truck driver sued the trucking company in the court below, alleging that his discharge was not because of the vehicular accident, but rather was in retaliation for refusing to participate in or remain silent about alleged illegal activity by the trucking company. The trial court found in favor of the trucking company on all issues. The plaintiff truck driver now appeals on several grounds. No transcript or statement of the evidence was filed. The issues raised by the plaintiff require a review of the proceedings below that is not possible in the absence of a transcript of the trial proceedings or a statement of the evidence. Consequently, we affirm the trial court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Richard McDonald, the appellant, pro se.

John P. Scruggs, and Heather W. Fletcher, Memphis, Tennessee, for the appellees, Swain & Sons Transports, Inc., George Filgo, and Don Fields.

### OPINION

The Plaintiff/Appellant Richard McDonald ("McDonald") began working as a truck driver for the Defendant/Appellee Swain & Sons Transports, Inc. ("Swain"), on July 29, 1998. On June 18, 1999, McDonald was involved in a one-vehicle accident in his truck while traveling with a load of oatmeal. On that date, as McDonald was going up an overpass ramp, his vehicle rolled over on

the side of the ramp. As a result of the accident, McDonald incurred minor injuries, and his expenses were paid by worker's compensation. On June 24, 1999, Swain terminated McDonald's employment, informing him that the termination was because of the accident.

On March 28, 2000, McDonald filed the instant lawsuit, pro se, against Swain and employees George Filgo and Don Fields (collectively "defendants"), alleging that he was unlawfully terminated. McDonald alleged that he was not terminated because of the accident; rather, he alleged that he was discharged for "refusing to participate in or remain silent about illegal activity." McDonald asserted that Swain was engaged in a fraudulent scheme against an insurance company in order to obtain funds to purchase new trucking equipment.

On November 8, 2001, the trial court conducted a bench trial. During the trial, McDonald sought to admit into evidence the deposition testimony of Steve McIntyre, a mechanic who worked on the truck a few days prior to the accident. McIntyre's deposition testimony was disallowed. At the conclusion of trial, the court held in favor of the defendants on all issues. On December 14, 2001, the trial court denied McDonald's motion for a new trial. McDonald now appeals the trial court's decision.

In March 2002, McDonald filed his proposed statement of the evidence and sought the trial court's approval. *See* Tenn. R. App. P. 24(c). After a hearing, the trial court entered an order denying McDonald's request to approve his proposed statement of the evidence. No statement of the evidence was approved. On August 8, 2002, McDonald filed a "Special Notice" notifying this Court and the trial court that he would not file a transcript of the proceedings or a statement of the evidence.

On appeal, McDonald argues that the trial court erred in three respects. First, he asserts that the trial court erroneously refused to allow the deposition testimony of Steve McIntyre to be admitted into evidence at trial. Second, McDonald claims that the trial court unfairly limited his time allotted at trial to present evidence and argument. Finally, McDonald contends that the trial court's decision in favor of the defendants was contrary to the weight of the evidence submitted at trial. The defendants maintain on appeal that McDonald's arguments must be rejected because he did not submit a transcript of the proceedings below or a statement of the evidence.

This case was tried by the trial court sitting without a jury. Therefore, we ordinarily review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. *See* Tenn. R. App. P. 13(d). However, because this Court enjoys appellate jurisdiction only, "our review power is limited to those factual and legal issues for which an adequate legal record has been preserved." *Trusty v. Robinson*, No. M2000-01590-COA-R3-CV, 2001 WL 96043, at *1 (Tenn. Ct. App. Feb. 6, 2001). Therefore, if our review of an issue raised on appeal depends on a review of a record of the proceedings below that is not included in the appellate record, the issue cannot be considered on appeal. *Id.* at *4.

McDonald first argues that the trial court erred in failing to admit into evidence the deposition testimony of Steve McIntyre. "When reviewing a trial court's decision to admit evidence, we must remember that the trial court is afforded wide discretion in the admission or rejection of evidence, and the trial court's action will be reversed on appeal only when there is a showing of an abuse of discretion." *Crowe v. First Am. Nat'l Bank*, No. W2001-00800-COA-R3-CV, 2001 WL 1683710, at \*9 (Tenn. Ct. App. Dec. 10, 2001) (citing *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 442 (Tenn. 1992), and *Davis v. Hall*, 920 S.W.2d 213, 217 (Tenn. Ct. App. 1995)). In determining whether the trial court abused its discretion in this regard, we must review the record of the proceedings below to determine (1) whether the trial court's decision has a sufficient evidentiary foundation; (2) whether the trial court correctly identified and properly applied the appropriate legal principles; and (3) whether the decision is within the range of acceptable alternatives. *Id.* (citing *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000)).

Applying that standard, our analysis of this issue would necessarily involve a review of the trial court's ruling, the parties' objections, the other evidence presented, and the overall exercise of the trial court's discretion on the matter. The appellate record, however, includes neither a transcript of the proceedings below, nor an approved statement of the evidence pursuant to Tennessee Rule of Appellate Procedure 24(c). Consequently, we are unable to consider McDonald's assertion that the trial court abused its discretion in refusing to admit into evidence the deposition testimony of Steve McIntyre. Therefore, "we have no alternative" but to affirm the trial court's decision on this issue. *Trusty,* 2001 WL 96043, at \*4 (finding that, in the absence of a transcript or a statement of the evidence, the court must affirm the trial court's conclusion when alleged errors are not reflected in the technical record).

McDonald also argues that the trial court erred in limiting his time for presenting his evidence and arguments during trial. As with McDonald's first issue on appeal, this issue involves a decision of the trial court that lies within its sound discretion. *See State v. Poe*, 755 S.W.2d 41, 47 (Tenn. 1988). A review of this issue would require consideration of the request made to the trial court, the trial court's decision, the parties's objections thereto, and full consideration of the proceedings below. This is not possible in the absence of a trial transcript or a statement of the evidence. Consequently, the time limitations imposed by the trial court cannot be held to constitute reversible error.

Finally, McDonald argues that the trial court's decision in favor of the defendants was against the weight of the evidence presented at trial. Obviously, any review of this issue would require review of a transcript of the evidence presented at trial or at least a statement of the evidence presented, in order to determine whether the trial court committed error in finding in favor of the defendants on McDonald's claims. *See Trusty*, 2001 WL 96043, at \*4. Under these circumstances, we are compelled to affirm the trial court's decision in favor of the defendants.

The decision of the trial court is affirmed. Costs are to be taxed to the appellant, Richard McDonald, and his surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE