# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### MAY 20, 2009 Session

## ELISHEA D. FISHER v. CHRISTINA M. JOHNSON

### Direct Appeal from the Circuit Court for Weakley County
### No. 4200    William B. Acree, Jr., Judge

---

### No. W2008-02165-COA-R3-CV - Filed August 24, 2009

---

This is a personal injury suit arising out of an automobile accident. Plaintiff appeals the trial court's dismissal of her punitive damages claim, as well as its exclusion of evidence regarding Defendant's underage consumption of alcohol prior to the accident and leaving the scene of the accident. Because Plaintiff has failed to show a genuine issue of material fact exists regarding Defendant's intoxication, we affirm the trial court's dismissal of Plaintiff's punitive damages claim. Because liability has been stipulated in this matter, and the punitive damages claim properly dismissed, we find Defendant's underage consumption of alcohol and leaving the scene of the accident irrelevant. Thus, we affirm the exclusion of such evidence.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed

ALAN E. HIGHERS, P.J.,W.S., delivered the opinion of the court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Jeffrey P. Boyd, Jackson, TN, for Appellant

Keely N. Wilson, James V. Thompson, Jackson, TN, for Appellee

## OPINION

## I. FACTS & PROCEDURAL HISTORY

An automobile accident occurred at approximately 2:24 AM, on Sunday, August 20, 2006, between Elishea D. Fisher ("Plaintiff") and Christina M. Johnson ("Defendant") on Lindell Street, in Martin, Tennessee. At the time of the accident, Defendant was nineteen years old. According to Defendant, she and her friends Sarah, Michelle, and Erica "hung out" at Defendant's mother's home "all afternoon" on August 19, 2006. Defendant admitted to consuming two beers while at her mother's home.

Defendant maintains that at approximately 12:30 AM or 1:00 AM, Defendant and her friends left Defendant's mother's home and traveled to Cheers bar in Martin. She claims that during the approximate one and a half hours spent at Cheers, she had nothing to drink. Defendant states that while at Cheers, her friend Sarah became intoxicated and "pass[ed] out" in Defendant's car. Defendant maintains that a law enforcement officer sent Defendant's co-worker to inform Defendant that she could either drive Sarah home or that Sarah would be taken to jail.

According to Defendant, she drove Sarah home, accompanied by her co-worker, and then returned to Cheers to drop off the co-worker. Defendant claims that after dropping off her co-worker, she immediately left Cheers to return to her mother's home. While Defendant was driving to her mother's home, Plaintiff and her friends were traveling to the Hut Nut, another bar in Martin. Martin was celebrating "black homecoming," and Lindell Street was busy with traffic and pedestrians celebrating the homecoming. Plaintiff claims that she came to a complete stop in the road to look for a parking space and to allow pedestrians to cross the street. Defendant, who was following behind Plaintiff's vehicle, claims that she "looked down, looked back, up, and didn't have enough time to stop and rear-ended [Plaintiff's] car." Defendant maintains that she was not traveling over 30 miles per hour.

Defendant states that after she rear-ended Plaintiff she "freaked out and went home." Police officers, who were in the area directing traffic, responded to the accident. Plaintiff informed the police officers that she was not injured. Thirty minutes after the accident, police officers arrived at Defendant's home, as someone had taken down Defendant's license plate number. Defendant claims that when the officers arrived at her home, she was in the process of telephoning the police to report the accident.

According to Defendant, because the police officers smelled alcohol on her, a field sobriety test was administered in Defendant's driveway by officer Jason Arant, and witnessed by officer John Cross. Based upon his experience and training as a police officer, Officer Cross stated in an affidavit that Defendant "performed the standard field sobriety tests in a manner that [he] opined that she could operate a motor vehicle safely on August 20, 2006." Defendant was charged with leaving the scene of the accident, underage consumption, following improperly, and failure to yield the right-of-way. According to Defendant, she was given pretrial diversion, and all charges were expunged.

On May 11, 2007, Plaintiff filed a Complaint for personal injuries, alleging Defendant's negligence, and also seeking punitive damages based on allegations that Defendant consumed

alcohol while underage and operated her vehicle while under the influence of alcohol.[1]  In her Amended Answer, Defendant denied liability, alleging that Plaintiff's actions were the proximate cause of her injuries.

On April 15, 2008, Defendant filed a Motion in Limine to exclude from evidence all proof of Defendant's underage alcohol consumption and her leaving the scene of the accident.  In her Motion in Limine, Defendant admitted liability for the accident.  That same day, Defendant also filed a Motion to Dismiss Punitive Damage Claim and supporting memorandum, claiming that

> Plaintiff has failed to establish by expert proof that Defendant was intoxicated at the time of the accident or that the accident was a result of or otherwise related to any alcoholic consumption which must be established before evidence of such consumption is even relevant.  Plaintiff has failed to offer any proof, expert or lay, that Plaintiff's consumption caused this accident or otherwise was related in any way.

Attached to her motion was the affidavit of Officer Cross.

A hearing was held on May 15, 2008, on several motions, including Defendant's Motion in Limine and Motion to Dismiss Punitive Damage Claim.  On May 20, 2008, the trial court entered an Order granting both Defendant's Motion in Limine and her Motion to Dismiss Punitive Damage Claim.  On May 20, 2008, Plaintiff filed a Motion for Interlocutory Appeal in the trial court "on the issue of whether a question of fact exists sufficient for the jury to consider testimony regarding the plaintiff's claims for punitive damages[.]" Plaintiff also filed an application for interlocutory appeal to this Court on May 19, 2008.  Finding no indication that the trial court granted Plaintiff permission to seek an interlocutory appeal, we denied Plaintiff's motion.

The matter proceeded to a jury trial on May 20, 2008.  After opening statements, Plaintiff moved the trial court to revisit its exclusion of evidence regarding Defendant's consumption of alcohol and leaving the scene of the accident.[2]  Plaintiff made an offer of proof on the record by calling Defendant to the stand.  Defendant admitted to drinking two beers on the afternoon of August 19, 2006, despite being only nineteen years old.  She also admitted leaving the scene of the accident, although she knew doing so was illegal.  The trial court denied Plaintiff's motion to revisit the exclusion of evidence.

The jury returned a verdict awarding Plaintiff damages of $4,217.85, and a judgment was entered accordingly on June 10, 2008.  Also on June 10, 2008, Plaintiff moved for a new trial or alternatively, for additur, based on the jury's failure to award damages for pain and suffering.  On

---

[1] On October 16, 2007, Plaintiff amended her Complaint to include itemized medical expenses.

[2] In her opening statement, Defendant's counsel stated "My client was not intoxicated or anything like that[.]" Plaintiff argued that such statement "opened the door" for testimony regarding Defendant's alcohol consumption prior to the accident as well as her leaving the scene of the accident.

September 12, 2008, the trial court denied Plaintiff's request for a new trial, but granted an additur of $646.24 for lost wages. Plaintiff filed her notice of appeal on September 22, 2008.

## II. ISSUES PRESENTED

Appellant has timely filed her notice of appeal and presents the following issues for review, restated as follows:

1.      Whether the trial court erred in granting Defendant's Motion in Limine, which prohibited testimony concerning Appellee's consuming alcohol and leaving the scene of the accident; and

2.      Whether the trial court erred in granting Defendant's Motion to Dismiss Punitive Damage Claim.

For the following reasons, we affirm the decision of the circuit court.

## III. DISCUSSION

### A. *Dismissal of Punitive Damage Claim*

On appeal, Plaintiff argues that the trial court erred in dismissing her punitive damage claim, before proof of Defendant's underage consumption of alcohol and leaving the scene of the accident could be presented to the jury. Plaintiff contends that "she should have been allowed to present this evidence to the jury for consideration to determine whether punitive damages were applicable in this case."

Plaintiff argues that the trial court's grant of Defendant's motion to dismiss the punitive damage claim was, in effect, a directed verdict, and thus our standard of review is *de novo*. We disagree. "'Motions and orders for directed verdicts are pursuant to Tenn. R. Civ. P. 50 and are appropriate only in jury trials.'" ***In re Estate of Roberts***, No. W2007-01903-COA-R3-CV, 2008 WL 5070127, at *2 (Tenn. Ct. App. Dec. 12, 2008) (quoting *Morris v. Morris*, No. 02A01-9610-CH-00236, 1997 WL 703379, at *2 (Tenn. Ct. App. W.S. Nov. 12, 1997)). Tennessee Rule of Civil Procedure 50.01 provides:

> A motion for a directed verdict may be made at the close of the evidence offered by an opposing party or at the close of the case. The court shall reserve ruling until all parties alleging fault against any other party have presented their respective proof-in-chief.

In the instant case, the trial court granted Defendant's Motion to Dismiss Punitive Damage Claim before trial commenced, and therefore, it was not converted into a directed verdict.

-4-

Tennessee Rule of Civil Procedure 12.02 provides that if a court, in considering a motion to dismiss for failure to state a claim upon which relief can be granted, looks at matters outside of the pleadings, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Here, the trial court was presented with "matters outside the pleading"–including the affidavit of Officer John Cross–thus, the motion to dismiss was converted into a motion for summary judgment.

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. Ruling on a motion for summary judgment does not involve disputed issues of fact, but only questions of law. *Owner-Operator Indep. Drivers Ass'n v. Concord EFS, Inc.*, 59 S.W.3d 63, 68 (Tenn. 2001). Thus, our standard for reviewing a grant of summary judgment is *de novo* with no presumption of correctness as to the trial court's findings. *See Webber v. State Farm Mut. Auto. Ins. Co.*, 49 S.W.3d 265, 269 (Tenn. 2001). The evidence must be viewed "in the light most favorable to the nonmoving party," and all reasonable inferences must be drawn in the non-moving party's favor. *Staples v. CBL & Assocs.*, 15 S.W.3d 83, 89 (Tenn. 2000).

Summary judgment is appropriate only when the moving party can show that there exists no genuine issue of material fact. *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008) (citing Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993)). To meet its initial burden, the moving party must either affirmatively negate an essential element of the nonmoving party's claim or establish an affirmative defense. *Id.* (citing *Byrd*, 847 S.W.2d at 215 n.5). If this initial burden of production is not satisfied, the motion for summary judgment should be dismissed. *Id.* (citing *Byrd*, 847 S.W.2d at 215). However, if the moving party meets its initial burden, the burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists. *Id.* (citing *Byrd*, 847 S.W.2d at 215).

As we noted above, on appeal Plaintiff argues that evidence concerning Defendant's alcohol consumption and leaving the scene of the accident should have been presented to the jury, to determine if punitive damages were appropriate. However, in her Complaint and Amended Complaint, Plaintiff claims that she is entitled to punitive damages based only on Defendant's consumption of alcohol, and not on her leaving the scene of the accident. Therefore, we will consider only whether evidence of Defendant's consumption of alcohol was excluded prematurely, for purposes of Plaintiff's punitive damages claim.[3]

---

[3] In her responses to Defendant's motion in limine and motion to dismiss, Plaintiff argues that both Defendant's underage consumption of alcohol and leaving the scene of the accident support an award of punitive damages. However, neither Defendant's motion to dismiss, nor her brief on appeal, addresses Plaintiff's late contention that leaving the scene of the accident is a basis for a punitive award. Furthermore, the trial court's order granting Defendant's motion in limine and motion to dismiss punitive damage claim contains no indication that it considered Defendant's argument that leaving the scene of the accident is a basis for such an award.

In Tennessee, punitive damages may be awarded only if the defendant has acted intentionally, fraudulently, maliciously, or recklessly. *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992).

> A person acts intentionally when it is the person's conscious objective or desire to engage in the conduct or cause the result. A person acts fraudulently when (1) the person intentionally misrepresents an existing, material fact or produces a false impression, in order to mislead another or to obtain an undue advantage, and (2) another is injured because of reasonable reliance upon the representation. A person acts maliciously when the person is motivated by ill will, hatred, or personal spite. A person acts recklessly when the person is aware of, but consciously disregards, a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances.

*Id.* (internal citations omitted). "[B]ecause punitive damages are to be awarded only in the most egregious of cases, a plaintiff must prove the defendant's intentional, fraudulent, malicious, or reckless conduct by clear and convincing evidence." *Id.*

Attached to Defendant's Motion to Dismiss Punitive Damage Claim was the Affidavit of John Cross, who assisted in investigating the accident at issue. Officer Cross' affidvait provides, in part:

> I have been an officer with the Martin Police Department for the past 8 years.
>
> As part of my duties as a police officer, I have received training on how to conduct standard field sobriety tests.
>
> I assisted in investigating an automobile accident between [Plaintiff] and [Defendant] that occurred on August 20, 2006, on Lindell Street in Martin, Tennessee.
>
> While investigating said accident, I requested [Defendant] perform standard field sobriety tests.
>
> Based upon my experience and training as a police officer, [Defendant] performed the standard field sobriety tests in a manner that I opined that she could operate a motor vehicle safely on August 20, 2006.

This testimony affirmatively negates an essential element of Plaintiff's claim–that Defendant acted intentionally, fraudulently, maliciously, or recklessly by operating a vehicle while intoxicated. Plaintiff has failed to offer any proof, either lay or expert, that Defendant was operating her vehicle while intoxicated. Instead, Plaintiff relies only on Defendant's testimony that she consumed two beers in the hours prior to the accident. Plaintiff has failed to show that a genuine issue of material

fact exists as to Defendant's intoxication. Therefore, we find that the trial court did not err in granting summary judgment as to Plaintiff's punitive damage claim.

### B. *Motion in Limine*

Having found that Plaintiff's punitive damage claim was properly dismissed, we must now consider whether the trial court properly granted Defendant's motion in limine, which excluded evidence of Defendant's consumption of alcohol and leaving the scene of the accident.

Trial courts are "afforded wide discretion in the admission or rejection of evidence, and [their] action[s] will be reversed on appeal only when there is a showing of an abuse of discretion." ***Bronson v. Umphries***, 138 S.W.3d 844, 851(Tenn. Ct. App. 2003) (citing *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439 (Tenn. 1992); *Davis v. Hall*, 920 S.W.2d 213, 217 (Tenn. Ct. App. 1995)). "The abuse of discretion standard requires us to consider: (1) whether the decision has a sufficient evidentiary foundation; (2) whether the trial court correctly identified and properly applied the appropriate legal principles; and (3) whether the decision is within the range of acceptable alternatives." ***Id.*** (citing *State ex re. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000)). "[W]e will set aside a discretionary decision if it does not rest on an adequate evidentiary foundation or if it is contrary to the governing law[.]" ***Id.*** However, "we will not substitute our judgment for that of the trial court merely because we might have chosen another alternative." ***Id.***

Tennessee Rule of Evidence 402 states that "[e]vidence which is not relevant is not admissible." Relevant evidence is that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." **Tenn. R. Evid. 401**. Evidence introduced at trial must be relevant to the issues being tried, and "[e]vidence which is neither relevant nor material to the issues delineated at trial is properly excludable by the trial court." ***Merriman v. Smith***, 599 S.W.2d 548, 558 (Tenn. Ct. App. 1979) (citing 29 Am. Jur.2d Evidence § 251 (1967)).

In this case, the parties stipulated to liability. Thus, the only issue before the trial court was Plaintiff's damages–whether Plaintiff was injured to the extent alleged and whether the amount of treatment was reasonable, necessary, and causally related to the accident. Because testimony concerning Defendant's underage consumption of alcohol and leaving the scene of the accident was neither relevant nor material to the disputed issue, evidence regarding such was properly excluded. The trial court did not abuse its discretion in excluding such evidence.

### IV. CONCLUSION

For the aforementioned reasons, we affirm the decision of the circuit court. Costs of this appeal are taxed to Appellant, Elishea D. Fisher, and her surety, for which execution may issue if necessary.

_____

ALAN E. HIGHERS, P.J., W.S.